459 A.2d 333

Lawrence J. DRAGUN and Linda S. Dragun, his wife, Appellants,

v.

Vincent VOLK and Diana Volk, his wife, Appellees.

Supreme Court of Pennsylvania.

Argued March 8, 1983.

Decided April 29, 1983.

Richard C. Angino, Benjamin & Angino, Harrisburg, David M. Moran, Behrend, Aronson & Morrow, Pittsburgh, for Lawrence J. Dragun, et ux.

Charles Kirshner, Rosenberg, Kirshner & Kaleugher, Pittsburgh, for appellees.

Thomas J. Finarelli, Liebert, Short, Fitzpatrick & Lavin, Philadelphia, for amicus curiae, The Ins. Federation of Pennsylvania, Inc.

David M. McCormick, Timothy Stalker, Philadelphia, for amicus curiae, Pennsylvania Manufacturer's Ass'n.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

Appellants seek recovery in trespass for injuries each suffered in an auto accident with a car owned by appellee Vincent Volk, operated by appellee Diana Volk.

We granted appellants leave to appeal Superior Court's order affirming summary judgment against them for failure to meet the seven hundred fifty dollar threshold in medical and dental expenses which our automobile no-fault insurance act requires for court actions based on tort. In determining whether appellants met the threshold the lower courts treated physical therapy expenses as rehabilitation costs *per se,* subject to the $100.00 ceiling on diagnostic x-ray and rehabilitation costs. Upon review we hold physical therapy expenses are not necessarily rehabilitation costs and therefore remand the record to Common Pleas for determination of whether appellant's physical therapy expenses were rehabilitation costs or reasonable medical services under the circumstances of this case as it develops.

Appellant Linda Dragun said in her complaint she incurred medical and dental expenses in excess of $750.00, the threshold amount set by the Pennsylvania No-fault Motor Vehicle Act as a prerequisite to tort recovery. Act of July 19, 1974, P.L. 489, No. 176, § 301, 40 P.S. § 1009.301 (Supp. 1982). Discovery showed a portion of these expenses were for physical therapy given at the direction of one of Linda

Dragun's treating physicians during a relatively short period of time immediately after the accident.[1] Appellant's dental and medical bills were $695.47[2] and her bills for physical therapy were $270.00.

The issue before us is whether all services rendered by a physical therapist at the direction of an injured person's treating physician constitute "rehabilitation costs" as a matter of law and thus can never be counted toward the dollar threshold beyond the $100.00 ceiling of Section 301(a)(5)(B) of the No-fault Act.[3]

Section 301 provides, in pertinent part:

(a) Partial abolition.—Tort liability is abolished with respect to any injury that takes place in this State in accordance with the provisions of this act if such injury arises out of the maintenances or use of a motor vehicle, except that:

. . . .

(5) A person remains liable for damages for non-economic detriment if the accident results in:

. . . .

(B) the reasonable value of reasonable and necessary medical and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing expenses incurred in the diagnosis, care and recovery of the victim, exclusive of diagnostic x-ray costs and

---

1. The record shows the accident happened March 1, 1976. In answer to appellees' interrogatories appellant stated she received physical therapy between March 26, 1976 and June 16, 1976. She said she had also been treated by several doctors prior to, during, and after this physical therapy.

2. The bills submitted by appellant totalled $1,153.67. The court allowed only $695.47 which included $100.00 for x-ray and rehabilitation costs.

3. Considering our disposition of this issue, we do not reach appellants' argument that the grant of summary judgment is not proper because of its res judicata effect where the failure to meet the $750.00 threshold is due to a mistaken belief on the part of the pleader as to what expenses are includable in that calculation and he has failed to alternately plead that the threshold amount will be met in the future.

rehabilitation costs in excess of one hundred dollars ($100) is in excess of seven hundred fifty dollars ($750).

40 P.S. § 1009.301(a)(5)(B) (Supp.1982).

■ The term "rehabilitation costs" is not defined in the statute.[4] Likewise,

[t]here is no explicit definition of "medical and dental services" contained in the No-Fault Act. Although section 301(a)(5)(B) states that such services include "prosthetic devices and necessary ambulance, hospital and professional nursing expenses incurred in the diagnosis, care and recovery of the victim, . . ." this language must not be read to limit the scope of "medical and dental services." Rather, this language reflects a legislative intent to assure that "medical and dental services" includes not only direct but also supplemental support services.

*Miller v. Johnson,* 496 Pa. 290, 293, 436 A.2d 1187, 1188 (1981).

As written, the applicable section of the statute comprehends rehabilitation costs as a sub-class within the class of "medical and dental services" without further definition and limits charges for this sub-class by a $100.00 ceiling. Also,

4. The term "medical and vocational rehabilitation services," charges for which are "allowable expense[s]," qualified for first party payment, is defined in Section 103 of the Act as:

services necessary to reduce disability and to restore the physical, psychological, social, and vocational functioning of a victim. Such services may include, but are not limited to, medical care, diagnostic and evaluation procedures, physical and occupational therapy, other necessary therapies, speech pathology and audiology, optometric services, nursing care under the supervision of a registered nurse, medical social services, vocational rehabilitation and training services, occupational licenses and tools, and transportation where necessary to secure medical and vocational rehabilitation services.

40 P.S. § 1009.103 (Supp.1982).

While this phrase is similar to the phrase "rehabilitation costs" in Section 301 it does not control Section 301. However, it should be noted that the legislature defined Section 103 rehabilitation services which "may include, . . ., medical care, . . ., [and] physical therapy," as those "necessary to reduce disability and to restore . . . functioning," indicating the purpose rather than type of service rendered by the health care professional determines whether it is rehabilitation for the purposes of basic loss benefits coverage.

this tort threshold section does not mention "physical therapy."

In construing terms which are either undefined or imprecisely defined we turn to our Statutory Construction Act. It says nontechnical words and phrases must be construed according to their common and approved usage and technical terms must be construed according to their peculiarly appropriate meaning. Act of December 6, 1972, P.L. 1339, No. 290, § 3, 1 Pa.C.S.A. § 1903 (Supp.1982).

In common understanding rehabilitation means something besides immediate treatment given at the onset of disease or injury in an effort to relieve its immediate effects and stabilize the patient by stopping further damage or functional limitation. Rather, rehabilitation connotes methods aimed at restoration of function following an injury or disability whose effects have been stabilized. Moreover, rehabilitation has been more technically defined as "[t]he restoration to a disabled individual of maximum independence commensurate with his limitations by developing his residual capacities." Blakiston's New Gould Medical Dictionary 1029 (2d ed. 1956).

Physical therapy, on the other hand, commonly connotes a specific type of procedure, namely, the use of physical means, whether for the primary treatment of an ailment or for restoration of function where the injured person has suffered chronic limitation of that function from the injury. The legislature recognizes physical therapy's role in both treatment and rehabilitation in another context. The Physical Therapy Practice Act defines physical therapy as

> the evaluation and treatment of any person by the utilization of the effective properties of physical measures such as mechanical stimulation, heat, cold, light, air, water, electricity, sound, massage, mobilization and the use of therapeutic exercises and rehabilitative procedures including training in functional activities, with or without assistive devices, for the purpose of limiting or preventing disability and alleviating or correcting any physical or

mental conditions, and the performance of tests and measurements as an aid in diagnosis or evaluation of function. Act of October 10, 1975, P.L. 383, No. 110, § 2, 63 P.S. § 1302 (Supp.1982).

■ Consequently, we are unwilling to conclude the legislature declared or intended that expenses for treatment rendered by a physical therapist are "rehabilitation costs" under all circumstances and thereby encompassed within the Section 301 $100.00 ceiling for such costs. Certainly, on the record Common Pleas had before it here, it cannot be determined there is no genuine issue of material fact as to whether this appellant's physical therapy was for rehabilitation. Before such a determination can be made the record must be further developed by the parties.

■ Summary judgment against a plaintiff in a case where he pleads physical therapy costs beyond $100.00 as expenses to reach the threshold amount may be proper under certain circumstances. Indeed, further development of the circumstances of this case may make it proper here. However, the rehabilitative nature of physical therapy done by a licensed therapist at a physician's direction in conjunction with the physician's treatment for healing the injury over a short period of time closely following the accident is not shown clearly enough to warrant summary judgment.[5]

Here, Common Pleas entered judgment on its erroneous interpretation of Section 301(a)(5)(B) of our automobile No-Fault Act that all physical therapy expenses are "rehabilitation costs" as a matter of law without a record clearly showing their purpose.

The order of Superior Court affirming summary judgment for appellees is reversed, 301 Pa.Super. 443, 447 A.2d 1381,

5. Information obtained from reports of treating doctors were used by Common Pleas to sustain the motion for summary judgment on the basis that appellants had not suffered "serious and permanent" injuries within the ambit of that threshold requirement of the Act. Affidavits, depositions, or similar material could likewise be used to determine if a genuine issue of material fact exists in a case presenting the issue involved herein, to wit, the purpose of the treatment rendered.

620

and the record remanded to the Court of Common Pleas of Allegheny County for further proceedings consistent with this opinion.