461 A.2d 861

**William E. COYLE and Kathleen Coyle, His Wife, Appellants**

**v.**

**Charles F. STALEY.**

Superior Court of Pennsylvania.

Argued Sept. 30, 1981.

Filed June 17, 1983.

C. Andrew McGhee, Pittsburgh, for appellants.

John A. Bacharach, Pittsburgh, for appellee.

Before CAVANAUGH, MONTEMURO and VAN der VOORT, JJ.

PER CURIAM:

This is an appeal from the granting of a summary judgment in favor of appellee-Staley. Appellant's statement of the case succinctly sets forth the history of this case.

As the result of an automobile accident involving appellant husband and appellee on March 17, 1979, appellant husband suffered certain back and neck injuries. Appellant husband incurred medical expenses in excess of the no-fault threshold of $750.00. A substantial portion of appellant husband's expense resulted from out-patient physical therapy treatments prescribed by his treating physician and performed at St. Clair Hospital. Unless appellant hus-

band's physical therapy expenses are included in the threshold amount, his expenses will not exceed $750.00. The Court below granted Appellee's Motion for Summary Judgment on the grounds that appellant husband's physical therapy expenses in excess of $100 should be excluded from the threshold as "rehabilitation costs" under 40 Pa.C.S.A. § 1009.301(a)(5)(B).

The issue before this court is whether, for purposes of meeting the $750 threshold, physical therapy should be excluded to the extent it exceeds $100. This issue was recently squarely addressed by our Supreme Court in *Dragun v. Volk*, 500 Pa. 613, 459 A.2d 333 (1983).[1] The Supreme Court held:

> [P]hysical therapy expenses are not necessarily rehabilitation costs and therefore, [we] remand the record to Common Pleas for determination of whether appellant's physical therapy expenses were rehabilitation costs or reasonable medical services under the circumstances of this case as it develops. At 615.

In the current case the parties submitted the case on stipulations. The only discovery *of record* were interrogatories submitted by appellee and answered by appellant. The interrogatories include various records and reports pertaining to physical therapy. Such documents demonstrate that the therapy occurred over a period of time from March 21, 1979 to April 23, 1979. The initial "Department Care Plan" indicates that the goal of the sessions was "to relieve pain in cervical and shoulder region."

Under the rationale of *Dragun*, such therapy could fall within the meaning of "primary treatment of an ailment", i.e., "reasonable medical services." We are bound by the Supreme Court's "unwilling[ness] to conclude [that] the legislature declared or intended that expenses for treatment; rendered by a physical therapist are 'rehabilitative costs' under all circumstances .... " at 619. In reviewing

---

1. The Court overruled this court's decision in the same case published at 301 Pa.Superior Ct. 443, 447 A.2d 1381 (1982). We have held up decision in this case awaiting the Supreme Court's decision in *Dragun*.

192

a motion for summary judgment a court must look to not only the pleadings but other documents of record, including answers to interrogatories. Rule 1035, Pa.C.P. In the current case the interrogatories did raise a question of material fact as to whether or not the physical therapy was for rehabilitative purposes. Accordingly, summary judgment was improperly granted.

Order reversed and case is remanded for further proceedings consistent with *Dragun* and not inconsistent with this opinion. We do not retain jurisdiction.