471 A.2d 554

**William C. URLAND, Executor of the Estate of Arlene G. Urland, Appellant (at 606),**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant (at 581).**

Superior Court of Pennsylvania.

Submitted Dec. 14, 1983.

Filed Feb. 3, 1984.

Charles Fonzone, Allentown, for appellant (at No. 581) and appellee (at No. 606).

Steven A. Bergstein, Allentown, for appellant (at No. 606) and appellee (at No. 581).

Before SPAETH, President Judge, and CIRILLO and JOHNSON, JJ.

PER CURIAM:

On or about October 15, 1978, the appellee's decedent, Arlene G. Urland, died as a result of a motor vehicle accident. The appellee, as executor of the estate, filed an action against the appellant alleging that the decedent's estate was entitled to work loss benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act.[1] The appellant filed an Answer and New Matter alleging that the estate was not entitled to work loss benefits. The parties stipulated that had the appellee's decedent lived to normal life expectancy, she would have earned in excess of $15,-000.00. On February 25, 1983 the Honorable David E. Mellenberg granted the appellee's motion for summary judgment against the appellant in the amount of $15,000.00 plus interest. Judge Mellenberg also awarded counsel fees of $1,663.75. The appellant's appeal and the appellee's cross appeal were subsequently filed in a timely manner.

In its posture before our Court, this case presents four questions for review: 1) Does the appellee, as executor of the estate of a decedent policyholder, have standing to recover work loss benefits since he is not a "survivor" as

1. Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 101, 40 P.S. § 1009.101 et seq.

defined by the No-fault Act? 2) Is the decision in *Heffner v. Allstate Insurance Company*, 265 Pa.Super. 181, 401 A.2d 1160 (1979), *affirmed*, 491 Pa. 447, 421 A.2d 629 (1980), entitled to retroactive application? 3) Is the appellee entitled to attorney's fees? 4) Is the appellant obligated to pay interest and, if so, in what manner?

█ Initially, we note that our Court has held that the estate of a deceased victim is entitled to recover work loss benefits, therefore, the appellee has standing in this instance. *Miller v. United States Fidelity & Guaranty Company*, 304 Pa.Super. 43, 450 A.2d 91 (1982); *Freeze v. Donegal Mutual Insurance Company*, 301 Pa.Super. 344, 447 A.2d 999 (1982).

Secondly, our Court has specifically held that *Heffner v. Allstate Insurance Company, supra* is to be accorded retroactive application. *Baker v. Aetna Casualty & Surety Company*, 309 Pa.Super. 81, 454 A.2d 1092 (1982).

█ Thirdly, under 40 P.S. § 1009.107(3), the lower court may award attorney's fees to the claimant if it determines that the obligor has denied the claim without reasonable foundation. The appellant alleges that the claim was denied due to the uncertain state of the law in this area. Contrary to the appellant's assertion, we find the law in this area to be clear. Thus, the award of attorney's fees by Judge Mellenberg was justified. *See: Baker v. Aetna Casualty & Surety Company, supra.* Further, we remand this matter to the trial court to determine the amount of reasonable attorney's fees due appellee as a result of the appellant's continuing denial of the claim and its prolongation of this action through appeal. *See: Keaten v. Aetna Life and Casualty Ins. Co.*, 309 Pa.Super. 101, 454 A.2d 1102 (1982).

█ Finally, in response to the appellant's fourth question, the No-fault Act provides:

No-fault benefits are overdue if not paid within thirty days after receipt by the obligor of each submission of reasonable proof of the fact and amount of loss sustained, unless the obligor designates, upon receipt of an

initial claim for no-fault benefits, periods not to exceed thirty-one days each for accumulating all such claims received within each such period, in which case such benefits are overdue if not paid within fifteen days after the close of such period.... Overdue payments bear interest at the rate of eighteen per cent (18%) per annum. *Id.*, at 40 P.S. § 1009.106(a)(2).

The lower court held that interest shall be accrued 30 days after February 24, 1981 on the accrued, unpaid benefits for each month thereafter. (Lower Ct. Slip Op. at 4). The court cited *Baker v. Aetna Casualty & Surety Company, supra* for this proposition. However, our en banc Court has recently held that post mortem work loss benefits are to be paid in a lump sum, thus overruling *Baker* to the extent that it is contrary. *Antanovich v. Allstate Ins. Co.*, 320 Pa.Super. 322, 467 A.2d 345 (1983). *See also: Hartleb v. Ohio Casualty Insurance Company*, 305 Pa.Super. 231, 451 A.2d 506 (1982). Thus, 18% per annum interest on the entire $15,000.00 should begin to run 30 days following February 24, 1981. Accordingly, we reverse the Order of the court below as it pertains to the accrual and payment of interest.

Jurisdiction is relinquished.