482 A.2d 1133

**Joyce KLOPP, Administratrix of the Estate of Joseph Davis Joyce Klopp, Individually, and Irene Davis, Appellants,**

**v.**

**ALLSTATE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued July 11, 1984.

Filed Oct. 12, 1984.

164

George W. Westervelt, Jr., Stroudsburg, for appellants.
Phillip H. Williams, Stroudsburg, for appellee.

Before WIEAND, OLSZEWSKI and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal by appellants, Joyce Klopp, Administratrix of the Estate of Joseph Davis, Joyce Klopp, individually, and Irene Davis, from a summary judgment entered in the Monroe County Court of Common Pleas in favor of appellee, Allstate Insurance Company, (hereafter referred to as "Allstate").

The record shows that Allstate issued to Joseph Davis an automobile insurance policy providing no-fault coverage pursuant to the Pennsylvania No-Fault Motor Vehicle Insurance Act, (hereafter referred to as "No-Fault Act"), the Act of July 19, 1974, P.L. 489, No. 176, Act. I, § 101, 40 P.S. § 1009.101, *et. seq.* (Plaintiffs' Interrogatories, Par. 3). This policy was in full force and effect on July 6, 1979, when Joseph Davis was killed in a head-on crash with another vehicle. (Plaintiffs' Interrogatories, Par. 4).

At the time of his death, Mr. Davis was sixty-one years old. (Defendant's First Interrogatories, Par. 1). Mr. Davis had been employed at Tobyhanna Army Depot, but, for ten years prior to his death, he had been receiving black lung disability benefits. (Defendant's First Interrogatories, Par. 2, 15).

The sole issue presented on appeal is whether the estate of a deceased victim is entitled to work loss benefits when the deceased victim was disabled and receiving disability payments.

The lower court ruled that the victim was not a wage earner at the time of his death. Thus, the estate had not incurred work loss. The court also ruled that Joseph Davis lacked reasonable expectancy of receiving wages from unemployment since, by reason of his total disability, he was removed from the labor market. Therefore, the estate incurred no loss of potential income as a result of his death. (Opinion, 3). We disagree.

First, at this stage, there is no dispute that the estate of the deceased victim is the proper party to recover work

loss benefits. *Freeze v. Donegal Mutual Insurance Company*, 301 Pa.Super. 344, 447 A.2d 999, 1004 (1982).

However, the issue of whether there should be a recovery of work loss benefits under the No-Fault Act where the decedent was disabled has not been decided by an appellate court.

The lower court concluded that, as a disabled individual, Joseph Davis had no expectation of income which was lost by his death. It held that a person physically and totally disabled may not be classified as either "employed" or "unemployed". Rather, the person is "unemployable", which term is not used in the No-Fault Statute. (Opinion, 2). We find no support for this total disqualification of disabled persons in the No-Fault Act.

Work loss is defined by the No-Fault Act as:

(A) Loss of gross income of a victim, as calculated pursuant to the provisions of Section 205 of this Act; 40 P.S. § 1009.103 (Supp.1982).

Section 205 refers to three categories of victims: "regularly employed", "seasonally employed", and "not employed." 40 P.S. § 1009.205. To be eligible for work loss benefits, the victim must fit into one of these three categories.

■ In the No-Fault Act, we find no separate category for the disabled. There is also no authority to show that it was the intention of the Legislature to deprive the disabled of the protection and the benefits of the No-Fault Act. Thus, each disabled claimant must fit into one of the three statutory categories.

■ It is clear that Joseph Davis was not "regularly employed" at the time of his death. He was disabled for ten years before his death and, during this time, collected black lung benefits. It is also clear that he was not "seasonally employed." Therefore, in this case, the appropriate category is "not employed."

In *Minier v. State Farm Mutual Automobile Insurance Company*, 309 Pa.Super. 53, 454 A.2d 1078 (1982), the court dealt with a similar unresolved situation. In *Minier*, the decedent was also not "regularly employed" or "seasonally employed" at the time of his death. He had retired from his employment.

In *Minier*, the court held that for those victims who are "not employed" at the time of the accident the following method is described:

(c) **Not employed.**—The work loss of a victim who is not employed when the accident resulting in injury occurs shall be calculated by:

(1) determining his probable weekly income by dividing his probable annual income by fifty-two; and

(2) multiplying that quantity by the number of work weeks, or fraction thereof, if any, the victim would reasonably have been expected to realize income during the accrual period.

40 P.S. § 1009.205(c). The work loss section further provides:

(d) **Definitions.**—As used in this section: "Probable annual income" means, absent a showing that it is or would be some other amount, the following:

. . . .

(B) the average annual gross income earned by the victim from work during the years in which he was employed, not to exceed three, preceding the year in which the accident resulting in injury occurs, for a victim seasonally employed or not employed at the time of the accident[.]

40 P.S. § 1009.205(d). *Id.*, 309 Pa.Superior Ct. at 56, 454 A.2d at 1079.

■ The No-Fault Act does not require questions to be asked as to the reason why a victim is not employed at the time of the accident. "Nor does it make any distinctions, other than in the method of calculation, between those who

have been laid off, those never employed, those who have quit, or those who have retired." Rather, it provides for some recovery of work loss benefits for those who were unemployed at the time of the accident, depending on some probability of income forthcoming had the accident not happened. *Id.*, 309 Pa.Superior Ct. at 56–57, 454 A.2d at 1079–1080.

The court in *Minier* also ruled that a rule barring survivors of deceased retired persons from collecting work loss benefits would be based on an assumption that all retired persons earn no further income. The court declined to find such a rule lurking within the No-Fault Act. Rather, the court felt that the true issue in such a situation is whether the individual retired person had any "probable" income or reasonable expectation thereof. It is a matter of proof in each case. *Id.*, 309 Pa.Superior Ct. at 58, 454 A.2d at 1080.

 Thus, a rule barring survivors of deceased disabled persons from collecting work loss benefits would be based on an assumption that all disabled persons earn no further income. Like the court in *Minier*, we decline to find such a rule lurking within the No-Fault Act. The issue in such a situation is whether the individual disabled person had any "probable" income or reasonable expectation thereof. Adequate proof must be presented in each case.

 In the instant case, evidence was presented that Joseph Davis' income prior to his death was realized in regular increments. During the last full year prior to his death, he received black lung disability payments of $388.50 per month. Calculating these payments on a weekly basis equals $89.65. (Affidavit in Support of Plaintiff's Motion For Summary Judgment, Par. 8). This evidence stands as adequate proof that Mr. Davis had a "probable" income and reasonable expectation thereof.

The order of the trial court dated January 21, 1983, which granted Motion of Defendant for Summary Judgment, is therefore vacated. This case is remanded to the lower court for the entry of judgment in favor of Joyce Klopp,

Administratrix of the Estate of Joseph Davis, Joyce Klopp, individually, and Irene Davis, and against Allstate Insurance Company for the proper amount of work loss benefits due appellants consistent with this opinion and the No-Fault Act.

Jurisdiction is relinquished.