166

491 A.2d 203

**Claire MATZA, Administratrix of the Estate of Carmen Matza, Deceased, Appellee,**

v.

**ALLSTATE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 10, 1984.

Filed April 4, 1985.

168

John C. McNamara, Philadelphia, for appellant.

Dennis Veneziale, Philadelphia, for appellee.

Before ROWLEY, McEWEN and HOFFMAN, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

Allstate Insurance Company (Allstate) appeals from the trial court's order granting appellee's motion for summary judgment and awarding her work loss benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act (No-Fault Act), 40 P.S. §§ 1009.101–1009.701. We affirm.

Carmen Matza died in an automobile accident on July 21, 1981. The automobile, driven by decedent, was insured under a policy issued by Allstate. At the time of his death, Mr. Matza had been retired for three years. He and his

wife, Claire Matza, appellee, had been receiving $663.00 per month in social security benefits, and $449.49 per month from decedent's employer's non-contributory pension plan. Both parties agree that Mr. Matza's death resulted in a reduction in monthly benefits totaling $489.37. It was further agreed that decedent's actuarial life expectancy was at least 31 months.

Appellee filed an action for declaratory judgment and in assumpsit, as administratrix of her husband's estate and in her own right as decedent's widow, seeking to recover work loss benefits under the No-Fault Act. The trial court granted appellee's subsequent motion for summary judgment, holding that the diminution of pension and social security payments to the estate of a retired decedent is properly compensable under the No-Fault Act as work loss.[1] We agree.

It is now well-settled that survivors of an individual who is fatally injured in an automobile accident are entitled to work loss benefits under the No-Fault Act. *Allstate Insurance Company v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980). In addition, the victim's estate is entitled to recover work loss benefits, and lack of a work history does not bar such recovery. *Freeze v. Donegal Mutual Insurance Company*, 504 Pa. 218, 470 A.2d 958 (1983) (estate of deceased eleven-year old minor entitled to recover work loss, even though decedent had not entered work force). In *Minier v. State Farm Insurance Company*, 309 Pa.Super. 53, 454 A.2d 1078 (1982), this Court determined that the fact that a decedent had retired from employment at the time of the accident did not bar recovery of work loss benefits by his surviving spouse under the No-Fault Act. The Court observed that the No-Fault Act provides for recovery of work loss benefits for those who were not employed at the time of the accident, notwithstanding the

1. The trial court's Order denied appellee's motion for summary judgment seeking recovery of work loss benefits in her own right as decedent's widow. No appeal has been taken from that portion of the Order.

reason for their lack of employment. The Court stated that a rule barring survivors of deceased retired persons from collecting work loss would be based on the assumption that retired persons earn no further income. The court rejected such a rule, holding that "the true issue in such a situation is whether the individual retired person had any 'probable' income or reasonable expectation thereof." *Id.*, 309 Pa.Superior Ct. at 58, 454 A.2d at 1080. Thus, it was determined that a calculation of probable income was a matter of proof in each case. *Id.*[2]

■ It is clear, therefore, that decedent's estate is not barred from recovering work loss benefits by virtue of the fact that decedent was retired. The question presented is whether the reduction in pension and social security benefits as a result of his death may be compensated as "work loss". We find that decedent's pension and social security benefits were "probable income" which he had a reasonable expectation of receiving. Accordingly, the reduction of such payments as a result of his death was properly compensable as work loss.

Under the No-Fault Act, loss is defined as "accrued economic detriment resulted from injury arising out of the maintenance or use of a motor vehicle consisting of, and limited to, allowable expense, work loss, replacement services loss, and survivor's loss." 40 P.S. § 1009.103. Work loss is defined, in part, as "loss of gross income of a victim ..." 40 P.S. § 1009.103. The calculation of work loss benefits for certain categories of victims, including those "not employed" involves a determination of "probable weekly income." The relevant sections of work loss provisions in the No-Fault Act provide the following:

(c) Not employed.—The work loss of a victim who is not employed when the accident resulting in injury occurs shall be calculated by:

**2.** Although there is an indication that the decedent in *Minier* was receiving a pension, it is unclear whether the pension was included as a basis for calculating decedent's work loss in that case.

(1) determining his probable weekly income by dividing his probable annual income by fifty-two; and

(2) multiplying that quantity by the number of work weeks, or fraction thereof, if any, the victim would reasonably have been expected to realize income during the accrual period.

(d) Definitions.—As used in this section:

'Probable annual income' means, absent a showing that it is or would be some other amount, the following:

\* \* \* \* \* \*

(B) the average annual gross income earned by the victim from work during the years in which he was employed, not to exceed three, preceding the year in which the accident resulting in injury occures, for a victim seasonally employed or not employed at the time of the accident; ...

40 P.S. §§ 1009.205(c) and (d)(B). In the instant case, decedent's "probable income" was in the form of monthly pension and social security payments which were substantially reduced as a result of his death. We find no limitation in the No-Fault Act that precludes utilization of pension and social security benefits as a measure of lost income in calculating work loss benefits. A ruling that loss of such benefits is not compensable as work loss would contravene the express purpose of the No-Fault Act, that is, "the maximum feasible restoration of all individuals injured and compensation of the economic losses of the survivors of all individuals killed in motor vehicle accidents on this Commonwealth's highways ..." 40 P.S. § 1009.102(a)(3). *See Allstate Insurance Company v. Heffner,* 491 Pa. at 455, 421 A.2d at 633.

■ Appellant argues that pension and social security benefits are not income "earned from work" and that such benefits are not an appropriate basis for calculating "probable annual income" under Section 1009.205(c). On the contrary, we find that pension income and social security benefits are related to a person's earning capacity and gross income prior to retirement. As the trial judge stated

in his well-reasoned opinion in this case, "[t]here is no question that retirement benefits are a part of the bargained for 'earnings' which flow from the employer-employee relationship." (Opinion of Doty, J., September 29, 1983 at 23). Moreover, retirement benefits and/or social security may be viewed as a substitute for earning power, or a return for past services. *See Krakar v. Don Swart Trucking, Inc.*, 323 F.Supp. 157 (W.D.Pa.1971) (pension and social security benefits are property admissible as evidence of earning power of decedent in action under Pennsylvania Survival Act); *see also Gatenby v. Altoona Aviation*, 277 F.Supp. 1011 (W.D.Pa.1968) *affirmed* 407 F.2d 443 (3rd Cir.1968); 81 A.L.R.2d 949 (1962).[3] The loss or reduction of these benefits represents the same pecuniary detriment to a retired individual as does the loss of wages to a person who is employed at the time of an accident.

■ Appellant also maintains that appellee is not entitled to work loss benefits because decedent had retired more than three years prior to his death thereby precluding calculation of probable annual income under § 1009.-205(d)(B). We are unpersuaded by this argument. Section 1009.205(d)(B) contains a method of calculation rather than words of limitation. Appellant's argument fails to take into account the prefatory phrase in Section 1009.205(d) which states that probable annual income shall be calculated in accordance with subsection A through C only "absent a showing that it is or would be some other amount." In this case, it is clear that there is "another amount", namely, the amount of pension and social security benefits received by decedent prior to his death.

**3.** The wrongful death and survival statutes involved in the *Krakar* and *Gatenby* cases, 12 P.S. § 1601 et seq. and 20 P.S. § 320.601 et seq. respectively, have been repealed, but they were re-enacted in substantially the same form under 42 Pa.Cons.Stat. §§ 8301–8303, and 20 Pa.C.S.A. §§ 3371–3377. In the recent case of *Chenoweth v. Schaaf*, 576 F.Supp. 1556 (W.D.Pa.1984) the court found that the principles announced in *Krakar* and *Gatenby* were controlling under current Pennsylvania law.

■ Appellant's final contention is that the trial court erred in entering summary judgment since the amount of decedent's "probable annual income" was a disputed factual issue. Appellant claims that it was denied the opportunity to offer proof that the victim would have remained retired and "not employed" even if he had survived. We have determined that pension and social security benefits that decedent would have received if he had survived are a proper measure of work loss under the No-Fault Act. There is no dispute that decedent's pension and social security benefits were reduced by $489.37 per month and that decedent had an actuarial life expectancy of 31 months, resulting in a total loss of at least $15,170.47. In holding that the diminution of such benefits is properly compensable as work loss, we preclude the need for further evidentiary hearings to determine whether the victim had any other probable income.

Order affirmed.