## Vuchak v. Nationwide Insurance Company

*Richard W. Epstein,* for plaintiff.
*William C. Kuhn,* for defendant.

FORNELLI, *J.,* June 4, 1985—This case arises from an automobile accident occurring on November 25, 1982 wherein plaintiff's father sustained injuries resulting in his death on December 19, 1982. Decedent was insured under a no-fault automobile insurance policy issued to him by defendant. This policy was in effect at the time of the accident.

Decedent was 87 years old at the time of his death. He retired in 1961 and was not gainfully employed at any time thereafter. It is alleged that he was receiving monthly income in the form of Social Security payments and a pension from Westinghouse Electric Corporation, together with investment income at the time of his death.

Plaintiff, on behalf of her deceased father's estate and in her own right as sole survivor, made written demand to defendant requesting payment of no-fault work loss and survivor's loss benefits. Defendant refused plaintiff's request as to decedent's estate and plaintiff, individually.

Plaintiff thereafter filed an assumpsit action in her own right and as administratrix of her deceased father's estate against defendant seeking basic loss benefits in the form of work loss and survivor's loss benefits, together with counsel fees, costs, and expenses incurred in bringing this action pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act (hereinafter the No-fault Act).[1]

---

1. 40 P.S. § 1009.202(b) and (d); 40 P.S. § 1009.107(3).

After pleadings were closed, both parties filed timely motions for summary judgment[2] which are before this court. The motions are based on the pleadings, plaintiff's answers to defendant's interrogatories, and the provisions of the No-fault Act.[3]

The sole issue presented is whether the estate of a deceased retired individual who was receiving a pension, social security income and investment income is entitled to work loss benefits under the No-fault Act.

## I.

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter a law. Coyle v. Staley, 315 Pa. Super. 189, 191-92, 461 A.2d 861, 862 (1983); Williams v. Pilgrim Life Insurance Company, 306 Pa. Super. 170, 172, 452 A.2d 269, 270 (1982); Pa.R.C.P. 1035(b). A fact is material if it directly affects the disposition of a case. Allen v. Colautti, 53 Pa. Commw. 392, 398, 417 A.2d 1303, 1307 (1980) citing Windber Area Authority v. Rullo, 36 Pa. Commw. 131, 135-36, 387 A.2d 967, 969-70 (1978).

In passing upon a motion for summary judgment, the trial court's function is not to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. Pennsylvania Gas & Water Company v. Nenna & Frain, Inc., 320 Pa. Super. 291, 299, 467 A.2d 330, 333 (1983). The court must accept as true all well-pleaded facts in the non-moving party's pleadings. Community Medical Services of Clearfield, Inc. v. Local 2665, American Feder-

2. Pa. R.C.P. 1035.
3. 40 P.S. 1009.101 et seq.

ation of State, County, and Municipal Employees, AFL-CIO, 292 Pa. Super. 238, 242, 437 A.2d 23, 25 (1981). The record as a whole must be examined in the light most favorable to the party opposing the motion. Community Medical Services of Clearfield, Inc. v. Local 2665, American Federation of State, County, and Municipal Employees , AFL-C10, 292 Pa. Super. 238, 242, 437 A.2d 23, 25 (1981).

Two elements must be present before the court enters summary judgment: (1) the movant's right must be clear; and (2) all the evidence, viewed in a light most favorable to the nonmoving party, leaves not the slightest doubt as to the absence of a genuine issue of material fact. Simpson v. Com., Pennsylvania Board of Probation & Parole, 81 Pa. Commw. 432, 435, 473 A.2d 753, 754 (1984); Weiss v. Keystone Mack Sales, Inc., 310 Pa. Super. 425, 430, 456 A.2d 1009, 1011 (1983). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Thompson Coal Company v. Pike Coal Company, 488 Pa. 198, 204, 412 A.2d 466, 469 (1980); Cathcart v. Keene Industrial Insulation, 324 Pa. Super. 123, 146, 471 A.2d 493, 505 (1984).

## II.

Plaintiff conceded at oral argument that since she was in no way dependent upon her deceased father, she cannot qualify as a survivor as defined by § 103 of the No-fault Act. Consequently, she has withdrawn her claim for no-fault benefits based upon her status as survivor. See Midboe v. State Farm, 495 Pa. 348, 435 A.2d 1342 (1981); Chesler v. Government Employees Insurance Company, 503 Pa. 292, 469 A.2d 560 (1983), modified 504 Pa. 426, 475 A.2d 102 (1984).

Defendant asserts that decedent's estate is not entitled to work loss benefits because decedent had no probable income from work loss nor any reasonable expectation thereof at the time of his accident. Defendant contends that decedent's advanced age coupled with the fact of his retirement for 21 years makes his return to work so unlikely that, as a matter of law, it should be determined that he had no probability or reasonable expectation of income from work. However, to agree with defendant's argument would not only run counter to the proposition that courts are not to decide issues of fact when ruling upon a motion for summary judgment,[4] it would also be contrary to the case law[5] as discussed infra.

Defendant further contends that plaintiff is not entitled to work loss benefits under the terms of decedent's insurance policy because it provides that work loss benefits cover only loss "incurred during the insured's life." However, contrary to defendant's position, Reynolds v. Nationwide Mutual Insurance Company, 504 Pa. 232, 470 A.2d 966, 967 (1983), has held that a policy provision limiting work loss payments to losses "incurred during the victim's lifetime" is contrary to public policy and to the purpose and intent of the No-fault Act.

An administrator of a deceased victim's estate under the No-fault Act stands in the shoes of the deceased victim with respect to the victim's entitle-

4. Pennsylvania Gas & Water Company v. Nenna & Frain, Inc., 320 Pa. Super. 291, 299, 467 A.2d 330, 333 (1983).

5. Matza v. Allstate Insurance Company, 341 Pa. Super. 166, 491 A.2d 203 (1985); Klopp v. Allstate, 334 Pa. Super. 162, 482 A.2d 1133 (1984); Minier v. State Farm Mutual Automobile Insurance Company, 309 Pa. Super. 53, 454 A.2d 1078 (1982). All discussed infra.

ment to basic loss benefits. Freeze v. Donegal Mutual Insurance Company, 504 Pa. 218, 224, 470 A.2d 958, 961 (1983); Kenny v. Nationwide Mutual Insurance Company, 326 Pa. Super. 125, 130, 473 A.2d 641, 643 (1984). The administrator's right to recover work loss benefits for the estate is not dependent on being a "survivor" as defined in the No-fault Act. Urland v. State Farm Mutual Automobile Insurance Company, 324 Pa. Super. 241, 243, 471 A.2d 554, 555 (1984).

Work loss is defined by the No-fault Act as: "(a) loss of gross income of a victim, as calculated pursuant to the provisions of section 205 of this Act." 40 P.S. §1009.103. Section 205 refers to three categories of victims: "regularly employed," "seasonally employed," and "not employed." 40 P.S. §1009.205. To be eligible for work loss benefits, the victim must fit into one of these three categories.

There is no separate category for the retired in the No-fault Act, nor is there any authority reflecting a legislative intention to exclude the retired from the benefits of the No-fault Act. Minier v. State Farm Mutual Automobile Insurance Company, 309 Pa. Super. 53, 56-57, 454 A.2d 1078, 1080 (1982). Each retiree must, however, fit into one of the three statutory categories of victims.

It is clear that the instant decedent was neither "regularly employed" nor "seasonably employed" since he had retired 21 years prior to his death and did not work thereafter, collecting only a pension and Social Security benefits. Our courts have held that decedent's appropriate designation, however, would be that of "not employed" under the No-fault Act. Matza v. Allstate Insurance Company, 341 Pa. Super. 166, 491 A.2d 203 (1985); Klopp v. Allstate, 334 Pa. Super. 162, 482 A.2d 1133 (1984).

For those victims not employed at the time of their accidents, the method of calculating work loss benefits under the No-fault Act is:

"(c) Not employed.—The work loss of a victim who is not employed when the accident resulting in injury occurs shall be calculated by:

(1) determining his probable weekly income by dividing his probable annual income by 52; and

(2) multiplying that quantity by the number of work weeks, or fraction thereof, if any, the victim would reasonably have been expected to realize income during the accrual period." 40 P.S. § 1009.205(c). The work-loss section further provides:

"(d) Definitions—As used in this section: 'Probable annual income' means, absent a showing that it is or would be some other amount, the following:

• • •

(B) The average annual gross income earned by the victim from work during the years in which he was employed, not to exceed three, preceding the year in which the accident resulting in injury occurs, for a victim seasonably employed or *not employed* at the time of the accident. (Emphasis added.)" 40 P.S. § 1009.205(d)(B).

As stated in Minier v. State Farm Mutual Automobile Insurance Company, 309 Pa. Super. 53, 56-57, 454 A.2d 1078, 1079-80 (1982):

"The No-fault Act does not require questions to be asked as to the reason why a victim is not employed at the time of the accident. Nor does it make any distinctions, other than in the method of calculation, between those who have been laid off, those never employed, those who have quit, or those who have retired. It provides for some recovery of work loss benefits for those who were not employed at the time of the accident . . . depending on some prob-

ability of income forthcoming had the accident not happened."

A rule barring survivors of deceased retirees from collecting work-loss benefits would be based on the faulty assumption that all retirees earn no further income. The Superior Court has stated that "There is no question that retirement benefits are part of the bargained for 'earnings' which flow from the employer-employee relationship." Matza v. Allstate Insurance Company, 341 Pa. Super. 166, 491 A.2d 203 (1985). The key question in each case, therefore, is whether the retiree had any "probable" income or reasonable expectation thereof. Minier v. State Farm Mutual Automobile Insurance Company, 309 Pa. Super. 53, 58, 454 A.2d 1078, 1080 (1982).

Plaintiff alleges that decedent was, in fact, receiving income in the amount of $8,059 per year from monthly pension and Social Security payments at the time of his death. Defendant, however, contests the existence of any of the income alleged. Because of this material factual dispute, the granting of a summary judgment in plaintiff's behalf is precluded. We are required to resolve all doubts in favor of the party opposing the summary judgment motion.[6]

Although the record is insufficient to grant plaintiff summary judgment for work loss, the record is sufficient to defeat defendant's motion for summary

---

6. Plaintiff filed no affidavits in support of the existence or amount of the pension and social security payments. Answers to defendant's interrogatories filed by plaintiff did not specifically address this issue. Tax returns appended to the answers were not sworn to in the accompanying affidavits nor presented in a form adaptable to a determination under the No-fault Act.

judgment. For purposes of defendant's motion, we must examine the record in the light most favorable to plaintiff and accept as true plaintiff's allegation that decedent was receiving regular increments of income in the form of monthly pension and social security payments. If, in fact, decedent was receiving such income at the time of his death and plaintiff can establish the amount thereof, plaintiff would be entitled to recover work-loss benefits under the No-fault Act, having established that decedent had "probable" income as well as to a reasonable expectation thereof. Klopp v. Allstate, 334 Pa. Super. 162, 482 A.2d 1133 (1984).

## III.

Plaintiff's summary judgment motion also requests attorney's fees incurred in bringing this action under §1009.107(3) of the No-fault Act, plus interest.

Attorney's fees are recoverable under the No-fault Act only where a no-fault insurer denies a claim without reasonable foundation. Solomon v. Sentry Insurance Company, 324 Pa. Super. 329, 333, 471 A.2d 863, 866 (1984). Where a nonfrivolous issue is one of first impression, this is entitled to substantial weight in determining whether denial of a claim is without reasonable foundation. Hayes v. Erie Insurance Exchange, 261 Pa. Super. 171, 176, 395 A.2d 1370, 1372 (1978).

Plaintiff requests attorney's fees from the filing date of Minier v. State Farm Mutual Automobile Insurance Company[7] to the present. Minier, however, decided only that survivors of deceased retirees are not barred from collecting work loss benefits if the

---

7. 309 Pa. Super. 53, 454 A.2d 1078 (1982).

retiree is shown to have had any "probable" income or a reasonable expectation thereof. The court in .Minier also stated that the issue of "probable" income or reasonable expectation thereof is a matter of proof in each case.

Plaintiff in the case at bar asserts that her decedent retiree was receiving regular increments of income at the time of his death leading to the plausible conclusion that he had "probable" income or a reasonable expectation thereof under the rationale of Klopp v. Allstate, 334 Pa. Super. 162, 482 A.2d 1133 (1984).

But Klopp went a step further than Minier and comes far closer to predicting the outcome of the issue before this court by holding that regular increments of income in the form of black lung disability payments constitute "probable" income or a reasonable expectation thereof. It would appear to be improper to find defendant's denial of plaintiff's claim without a reasonable foundation on the basis of Minier alone.

Moreover, the record fails to establish that plaintiff has furnished the required proof of the amount of her compensable loss. Payments are not overdue until 30 days after reasonable proof of the fact and amount of the loss sustained. 40 P.S. §1009.106(a)(2). The no-fault benefits at issue here, therefore, cannot be deemed overdue and defendant need not pay interest on such at the rate of 18 percent per annum unless and until it is so proven. 40 P.S. §1009.106(a)(2).

Similarly, this court cannot hold defendant's refusal to pay, in light of plaintiff's failure to state the amount of loss sustained as being without reasonable foundation which is required for the assignment of attorney's fees under §107(3) of the No-fault Act. 40 P.S. §1009.107(3).

Thus, on the present state of the record, defendant's refusal to date to pay work loss is not so unreasonable as to entitle plaintiff to atttorney's fees. Nor are the payments overdue so as to entitle plaintiff to interest. If plaintiff does hereafter establish that such proof has been furnished and 30 days have elapsed thereafter, then defendant might well be subject to interest at 18 percent per annum, as well as payment of reasonable attorney's fees.

Hence, this

## ORDER

And now, this June 4, 1985, both plaintiff's and defendant's motions for summary judgment are denied.