## Kain v. Allstate Insurance Company

*Lawrence S. Markowitz*, for plaintiff.
*Richard L. Kearns*, for defendant.

ERB, *J.*, June 7, 1985—This matter is before the court on plaintiff's motion for summary judgment.

On December 4, 1984, plaintiff, the administrator of the estate of George Edward Wolfe, filed a complaint against defendant, Allstate Insurance Company. Plaintiff alleges that defendant failed to pay decedent's estate the sum of $15,000 as a work-loss benefit to which it was entitled under the Pennsylvania No-fault Motor Vehicle Insurance Act. Dece-

dent died in a motor vehicle accident on May 27, 1983, and at that time decedent was insured by a policy of insurance with defendant. Since no administrator or executor was appointed for the estate of George Edward Wolfe, defendant, on its own initiative, paid the wage-loss benefit of $15,000 to the only heirs of decedent, his parents. Decedent's parents failed to pay said money to the estate and allegedly used the money to purchase property in Fulton County. Plaintiff contends that there are no triable issues of fact and that he is entitled to receive the work-loss benefits, interest and attorneys fees as administrator of the estate.

The crucial question in any summary judgment motion is whether there is a genuine issue as to any material fact. Generally, a motion for summary judgment may be granted only if the pleadings, depositions, answers and interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035, 42 Pa.C.S. 6 Standard Pennsylvania Practice 2d., §32:6. Before summary judgment may be entered: (1) the case must be free and clear from doubt; (2) the moving party must prove that there is no genuine issue of material fact to be tried and that he is entitled to judgment as a matter of law; and (3) the record must be viewed in the light most favorable to the non-moving party and all doubts as to the existence of genuine issues of material fact must be resolved against the moving party. Pa. Public Utility Commission Bar Association v. Thornburgh, 62 Pa. Commw. 88, 434 A.2d 1327, aff'd 498 Pa. 589, 450 A.2d 613 (1982). In consideration of a motion for summary judgment, the court's responsibility is not to resolve any genuine issues of material fact, but rather to de-

termine whether such issues exist. Tom Morello Const. v. Bridgeport Federal, etc., 280 Pa. Super. 329, 421 A.2d 747 (1980).

Defendant does not argue that there are any genuine issues of material fact, but does argue that the law supports its position: It is clear that there are no genuine issues of material fact and that the question which must be resolved concerns the law to be applied. Therefore, this is a proper case for summary judgment.

Defendant contends that the law stated in 20 Pa.C.S. §3101(a) and (d) establishes that $14,500 of the $15,000 which was paid to decedent's heirs was properly paid. Defendant contends that it stands in the same position as an employer and therefore the $3,500 allowance set forth in 20 Pa.C.S. §3101(a) for payment of wages to an heir of a deceased employee should apply to it. Defendant further contends that the sum of $11,000 was properly paid to decedent's heirs in accordance with 20 Pa.C.S. §3101(d), which provides:

"Any insurance company which upon the death of an individual residing in this Commonwealth owes his estate a total amount of $11,000 or less under any policy of life, endowment, accident or health insurance, or under any annuity or pure endowment contract, may at any time after 60 days following his death pay all or any part of that amount to the spouse, any child, the father or mother or any sister or brother of the decedent (preference being given in the order named) provided that at the time of the payment no written claim for that money has been received at the office of the company specified in the policy or contract for the receipt of claims from any duly appointed personal representative of the decedent. Any insurance company making any payment in accordance with this section to an adult

may rely on the affidavit of any of the persons named in this subsection concerning the existence and relationship of these persons and shall be released to the same extent as if payment had been made to a duly appointed personal representative of the decedent and the insurance company shall not be required to see to the application thereof. Any person to whom payment is made shall be answerable therefor to anyone prejudiced by an improper distribution."

Plaintiff contends that the estate, not the heirs, should recover the work-loss benefits. Plaintiff further contends that it is entitled to interest pursuant to 40 P.S. §1009.106(a)(2), which provides:

"No-fault benefits are overdue if not paid within 30 days after the receipt by the obligor of each submission of reasonable proof of the fact and amount of loss sustained, unless the obligor designates, upon receipt of any initial claim for no-fault benefits, periods not to exceed 31 days each for accumulating all such claims received within each such period, in which case such benefits are overdue if not paid within 15 days after the close of each such period. If reasonable proof is supplied as to only part of a claim, but the part amounts to $100 or more, benefits for such part are overdue if not paid within the time mandated by this paragraph. An obligation for basic loss benefits for an item of allowable expense may be discharged by the obligor by reimbursing the victim or by making direct payment to the supplier or provider of products, services, or accommodations within the time mandated by this paragraph. Overdue payments bear interest at the rate of 18 percent per annum." Plaintiff also contends that it should be awarded attorney fees because the claim was denied without reasonable foundation.

From our review of the applicable law and the record, we find that plaintiff is entitled to recover the entire work-loss benefit and interest. The courts in Pennsylvania have clearly held that the estate is entitled to recover work-loss benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act. Miller v. United States Fidelity & Guaranty Company, 304 Pa. Super. 43, 450 A.2d 91 (1982); Freeze v. Donegal Mutual Insurance Company, 301 Pa. Super. 344, 447 A.2d 999 (1982); McClaine v. Allstate Insurance Co., 317 Pa. Super. 154, 463 A.2d.1131 (1983); Urland v. State Farm Mutual Automobile Insurance Co., 324 Pa. Super. 241, 471 A.2d 554 (1984); Olah v. Erie Insurance Company, 31 D. & C. 3d. 595 (1984). It is clear that defendant erroneously paid the work-loss benefits to the heirs and defendant cannot rely on 20 P.S. §3101(a) and (d) to justify the payment. This section only applies to employers and defendant was not the employer of decedent. Section 3101(d) applies if the insurance company owes the estate a total amount of $11,000 or less, and since the amount of decedent's policy was more than $11,000, section 3101(d) does not apply in this case.

In accordance with 40 P.S. §1009.106(a)(2), plaintiff is entitled to the interest rate of 18 percent per annum on the entire $15,000 from 30 days after defendant received proof of the fact and amount of loss from plaintiff until the claim has been paid. See Urland v. State Farm Mutual Automobile Insurance Co., supra. Plaintiff contends that June 10, 1984 is the date on which the interest should begin to accrue, and since defendant did not dispute that fact in its brief, we find that the interest shall begin to accrue on June 10, 1984.

This court may award attorneys fees in accordance with 40 P.S. §1009.107(3) to plaintiff if de-

fendant denied the claim without reasonable foundation. It has been held that if the law is unclear that may be a reasonable foundation. See Urland v. State Farm Mutual Automobile Insurance Company, supra. Although we find the law to be clear, the facts in this case establish a reasonable foundation. Defendant did not deny the claim but erroneously paid the claim to the wrong party. Furthermore, the estate failed to make a claim for the work-loss benefit until more than one year after decedent's death. Such an award would have the effect of punishing defendant for making a prompt payment on a claim, which is the opposite result from that which was intended by the statute. Therefore, we shall deny plaintiff's claim for attorneys fees.

Accordingly, we enter the following

## ORDER

And now, this June 7, 1985, plaintiff's motion for summary judgment is hereby granted. Defendant shall pay to plaintiff the sum $15,000 plus interest at the rate of 18 percent per annum from June 10, 1984.