**OKLAHOMA FIXTURE COMPANY
and Own Risk, Petitioners,**

v.

**Dennis D. DISHON, and Workers'
Compensation Court,
Respondents.**

No. 77754.

Court of Appeals of Oklahoma,
Division No. 4.

April 14, 1992.

Rehearing Denied May 26, 1992.

Certiorari Denied Oct. 13, 1992.

Chad R. Whitten, Whitten and Layman, Tulsa, for petitioners.

David P. Reid, Ash, Crews & Reid, Tulsa, for respondents.

REIF, Judge.

Own Risk Employer seeks review of the trial court's order directing Employer to pay for physical therapy rendered to claimant as a consequence of his job-related injury. There was no controversy concerning the necessity or reasonableness of the physical therapy, but only regarding the amount that could be charged for these services. Employer objected to the charges as billed because they exceeded the charges allowable under the Oklahoma Workers' Compensation Court Fee Schedule. Employer contended the physical therapy was "medical treatment" governed by the fee schedule and disputed the therapist's claim that the services were "work hardening" for vocational rehabilitation and exempt from the fee schedule. The parties submitted this issue to the trial court on a joint, written stipulation of facts and their respective exhibits. The trial court held in its order that the physical therapy was *"not* medical treatment and Oklahoma Workers' Compensation Court Fee Schedule does not apply."

This controversy stems in part from a "note" that the Administrator of the Work-

ers' Compensation Court included in the physical medicine section of the fee schedule. This "note" provides that "work hardening is considered to be part of vocational rehabilitation and as such is not scheduled out in this fee schedule." Employer seeks review of the propriety of this determination by the Administrator in addition to challenging the trial court's decision on the merits.

Physical therapy that constitutes rehabilitation "connotes methods aimed at restoration of function following an injury or disability whose effects have been stabilized" and is "something besides immediate treatment given at the onset of disease or injury in an effort to relieve its immediate effects and stabilize the patient by stopping further damage or functional limitation." *See Dragun v. Volk*, 500 Pa. 613, 459 A.2d 333, 335 (1983). There is a parallel between this general definition and Oklahoma's statutory scheme for the care and services an injured worker is entitled. The legislature has mandated *prompt* provision of (1) "medical, surgical or other attendance or treatment ... as may be necessary after the injury," 85 O.S.1991 § 14(A), and (2) "reasonable physical rehabilitation services," 85 O.S.1991 § 16. The legislature has also mandated "vocational rehabilitation services" *to restore* an injured employee to gainful employment when he is unable to perform the same occupational duties. 85 O.S.1991 § 16. The legislative directive in 85 O.S.1991 § 3(11), provides that the rating of permanent impairment is to be determined *after* reasonable medical treatment has been achieved and provides a reference point for determining whether physical therapy is "medical treatment" or "vocational rehabilitation."

The parties stipulated that "the services provided ... were designed to return claimant to the same occupational duties that he was performing prior to his injury." Review of the initial report concerning claimant's physical therapy needs and goals reveals that the physical therapy was intended to address and ameliorate "decreased range of motion and flexibility in the trunk and hips with a slight decrease in strength noted in this area" and "difficulty and pain noted upon rising [from the squatting position]." This was to be accomplished through "a full body reconditioning program to include flexibility, strengthening, endurance, coordination, work simulation, and Back School." The initial report also reflects that claimant "previously received treatment consisting of hot packs and ultrasound with poor results."

Claimant made good progress in the problem areas identified, except for pain-free squatting, but ultimately discontinued physical therapy because of pain in his knees. All the reports reflect that claimant was not capable of working during the period of therapy from November 6, 1989, through February 5, 1990, and that he did not work during this time.

■ In view of the law and these facts, we hold that the physical therapy in question was "medical treatment" and not "vocational rehabilitation." The therapy was intended to effect improvement in two areas that the AMA *Guides* employ for rating permanent impairment: range of motion and pain. Significantly, claimant made progress and achieved certain goals in improving range of motion. It is apparent that "reasonable medical treatment" had *not* been "achieved" to a point that would allow for evaluation of claimant's *permanent* impairment. In other words, the physical therapy in question was designed to relieve the immediate effects of the injury and was not for restoring claimant to *new* employment because permanent impairment had left him unable to perform *the same* occupational duties. The legislature has recognized this distinction in the role of physical therapy by its separate mandates of *"prompt* and reasonable physical rehabilitative services" that *can* (in conjunction with *prompt* medical attention) *return* a worker to work and "vocational rehabilitative services" *to restore* an injured worker to other gainful employment who *cannot* return to his prior employment because of the permanent effects of the injury.

■ The Administrator's determination that "work hardening" is "vocational reha-

bilitation" does not relieve the Workers' Compensation Court from determining the essential character of the physical therapy and cannot be automatically applied in such a way as to defeat the legislative purpose in prescribing the fee schedule. The trial court's determination that the physical therapy in question was not medical treatment and not covered by the fee schedule is vacated because it is contrary to law and unsupported by competent evidence. On remand, the trial court is directed to order payment of the physical therapy in accordance with the fee schedule.

In so holding, we decline to review or disturb the Administrator's determination that "work hardening" is "vocational rehabilitation," because the basis for that determination does not appear either in the fee schedule or in the record. This is a question that must be first presented to and decided by the Workers' Compensation Court with due consideration to the essential character of the physical therapy that a party seeks to characterize as work hardening/vocational rehabilitation.

ORDER VACATED AND REMANDED WITH INSTRUCTIONS.

BACON, C.J., and STUBBLEFIELD, J., concur.