449 A.2d 62

**Richard I. REYNOLDS, Administrator of the Estate of Michael I. Reynolds, Deceased, Appellant,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued March 23, 1981.

Filed Aug. 6, 1982.

Petition for Allowance of Appeal Granted Nov. 5, 1982.

Richard C. Angino, Harrisburg, for appellant.

Clyde W. McIntyre, Harrisburg, for appellee.

Before PRICE, WIEAND and LIPEZ, JJ.

PER CURIAM:

Michael Reynolds, twelve years of age, was killed when the bicycle on which he was riding was struck by an automobile on August 30, 1975 in Susquehanna Township, Dauphin County. At the time of his death, he was covered under a no-fault automobile insurance policy which had been issued to his father by Nationwide Mutual Insurance Company. An action in assumpsit was instituted by appellant, the administrator of the decedent's estate, against the insurance company to recover work loss benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act.[1] Preliminary objections in the nature of a demurrer were sustained and the complaint was dismissed because, the trial court held, a decedent's estate was not a statutorily defined "victim" who was entitled to recover work loss benefits under the No-fault Act. The insurance company also argued, but the trial court found it unnecessary to consider, that the twelve year old decedent had not entered the work force and, therefore, had no calculable wage loss. This appeal followed.[2]

These issues have been decided in favor of allowing recovery of work loss benefits by the estate of a deceased minor in *Freeze v. Donegal Mutual Insurance Company*, 301 Pa.Super. 344, 447 A.2d 999 (1982). See also: *Chesler v. Government Employees Insurance Company*, 302 Pa.Super. 356, 448 A.2d 1080 (1982). For reasons stated in *Freeze*, we reverse

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq.

2. By agreement of counsel, argument in this appeal was deferred pending decision in *Allstate Insurance Company v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980), aff'g, 265 Pa.Super. 181, 401 A.2d 1160 (1979).

the order dismissing appellant's complaint in the instant case.

Reversed and remanded for further proceedings.