473 A.2d 641

**Joseph E. KENNY, Jr., Administrator of the Estate of Joseph F. Kenny, Sr., Deceased,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 5, 1984.

Filed March 23, 1984.

Blake E. Dunbar, Jr., Norristown, for appellant.

Marc Robert Steinberg, Souderton, for appellee.

Before WICKERSHAM, OLSZEWSKI and ROBERTS, JJ.

PER CURIAM:

Once again, this Court is presented with a question under that embattled statute, the Pennsylvania No-fault Motor Vehicle Act.[1] The question before us today is whether the estate of a deceased victim is entitled to recover work loss benefits under the No-fault Motor Vehicle Act, which does not include "estate" in its definition of a "survivor."

[1] Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. §§ 1009.101 *et seq.* (Supp.1980–81), hereinafter referred to as the Act or the No-fault Act. It should be noted that a No-fault reform bill, which recently passed Pennsylvania's House of Representatives and Senate, has been signed by Governor Thornburgh.

The record discloses the following pertinent facts:

On December 7, 1979, the decedent of appellee, while a pedestrian, was struck by a vehicle insured by Nationwide Mutual Insurance Company, appellant. On December 23, 1979, he died solely and exclusively as a result of injuries sustained in the accident. At the time of the accident, appellee's decedent was single and the father of four children, three of whom were emancipated and receiving no support from the decedent. The fourth child was attending college and was receiving support from the decedent prior to his death; however, the appellee was unable to establish proof of dependency.

On February 21, 1980, Nationwide paid to appellee the sum of Two Hundred Eighty-six ($286.00) Dollars, reflecting decedent's lost wages from the date of the accident, December 7, 1979, until the date of death, December 23, 1979.

Appellee claimed entitlement to Fourteen Thousand Seven Hundred and Fourteen ($14,714.00) Dollars, representing the difference between the maximum work loss benefits payable under the No-fault Act [2] and the amount already paid by Nationwide, together with interest and attorney's fees.

On August 6, 1982, the Honorable Joseph Stanziani, of the Montgomery County Court of Common Pleas, entered a judgment in favor of the plaintiff for the above amount. It is from this judgment which this appeal has been filed. Appellant argues that since the language of the No-fault Act does not include "estate" in its definition of survivor, the appellee should be precluded from recovery.

The instant matter is controlled by *Freeze v. Donegal Mutual Insurance Company*, 301 Pa.Super.Ct. 344, 447 A.2d 999 (1982), *affirmed* 504 Pa. 218, 470 A.2d 958 (1983),

2. 40 P.S. § 1009.202(b)(2) provides a $15,000 limit on work loss benefits.

wherein the Supreme Court affirmed the en banc opinion of the Superior Court, which held that the estate of a deceased victim is entitled to the $15,000 in anticipated lost income, without having to establish dependency. Writing for the majority, Justice Larsen relied heavily on *Allstate Ins. Co. v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980), which held that survivors of a person fatally injured in an automobile accident are entitled to both "survivor's loss" and "work loss" benefits, with decedent's contribution of income under "survivor's loss" recovery to be excluded from the amount recoverable under "work loss." *Id.*, 491 Pa. at 460, 421 A.2d 636. In reaching his conclusion, Justice Larsen stated:

> In *Heffner*, it was decided that the right to work loss benefits is not terminated by the demise of a victim. We held that "survivors" of deceased victims are entitled to payment of these benefits under the terms of the No-fault Act. It follows then that, if work loss benefits do not terminate upon the death of a deceased victim, absent a statutory bar those benefits are recoverable by the deceased victim's estate. This is the natural, logical and compelling extension of our holding in *Heffner*. Upon a close and careful examination of the No-fault Act, we find no language which precludes the recovery of work loss benefits to the estate of a deceased victim.

*Freeze v. Donegal Mutual Insurance Co., supra*, 504 Pa. at 222, 470 A.2d at 960.[3]

---

**3.** In the recent case of *McClaine v. Allstate,* 317 Pa.Super.Ct. 154, 463 A.2d 1131 (1983), this Court held that the estate of a deceased victim could seek recovery of "work loss" benefits under the No-fault Motor Vehicle Insurance Act even though the deceased victim was a minor and a student. *Id.*, 317 Pa.Superior Ct. at 154, 463 A.2d at 1131. *See* 40 P.S. § 1009.101 et seq. In reaching its decision, the *McClaine* Court relied heavily on *Freeze v. Donegal Mut. Life Ins. Co., supra.* Thus, this Court has clearly decided that the estate of a deceased victim may recover "work loss" benefits under the No-fault Act. This position has been affirmed in *Reynolds v. Nationwide Mut. Ins. Co.,* 303 Pa.Super.Ct. 31, 33, 449 A.2d 62, 63 (1982), *affirmed* 504 Pa. 232, 470 A.2d 966 (1983); and *Miller v. United States Fidelity and Guaranty Co.,* 304 Pa.Super.Ct. 43, 450 A.2d 91 (1982), *affirmed* 503 Pa. 127, 468 A.2d 1097 (1983).

We reiterate the declared purpose of the No-fault Act, as set forth in its preamble as: "the maximum feasible restoration of all individuals injured and compensation of the economic losses of the survivors of all the individuals killed in motor vehicle accidents on Commonwealth highways ..."[4] In interpreting the No-fault Act, or any insurance legislation, we consistently apply the rule of liberal construction mandated by the Statutory Construction Act.[5] This reasoning dictates that in close or doubtful cases, we must find coverage for the insured.

As the Supreme Court of Pennsylvania stated in *Allstate v. Heffner:*

> Historically, the Courts of this Commonwealth have routinely followed this spirit and found coverage for the insured in close or doubtful cases. The tendency has been that if we should err in ascertaining the intent of the legislature or the intendment of an insurance policy, we should err in favor of coverage for the insured.

*Id.* 491 Pa. at 455, 421 A.2d at 633.

It is important to consider the wording of the Act itself in deciding the issue before us. With regard to basic loss benefits, of which work loss is but one type, the Act provides: "If the accident resulting in injury occurs in this Commonwealth, any victim or any survivor of a deceased victim is entitled to receive basic loss benefits in accordance with the provisions of this Act."[6] Additionally, the No-fault Act goes on to specifically define those entitled to basic loss benefits as follows:

As used in this Act:

"Survivor" means:

**4.** Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 102, 40 P.S. §§ 1009.102(a)(3).

**5.** Act of Dec. 6, 1972, P.L. 1339, No. 290 § 3, 1 Pa.C.S.A. § 1928.

**6.** Act of July 19, 1974, P.L. 489, No. 176, Art. II, § 201, 40 P.S. §§ 1009.201(a).

(A) spouse; or

(B) child, parent, brother, sister or relative dependent upon the deceased for support.

"Victim" means an individual who suffers injury arising out of the maintenance or use of a motor vehicle; deceased victim means a victim suffering death resulting from injury.[7]

Appellant emphasizes that the above definition of "survivor" does not include the estate of the deceased. However, we conclude that a person who dies as a result of injuries suffered in a motor vehicle accident is clearly a victim under § 1009.103 of the No-fault Act. In addressing this exact issue in *Freeze, supra,* Justice Larsen stated that:

The fact that a "victim" dies as a result of his injuries and becomes, a "deceased victim," makes him no less a "victim" entitled to benefits under the provisions of the Act. A personal representative in the person of the executor or administrator of his estate stands in the shoes of the deceased victim as far as entitlement to benefits is concerned... If it was intended that a victim's right to benefits be extinguished at his death, the legislature could have and would have said so directly.

*Freeze v. Donegal Mutual Insurance Co.,* 504 Pa. 224, 470 A.2d 961.

Therefore, we follow the mandate of *Freeze, supra,* and hold that the estate of a deceased victim is entitled to recover work loss benefits. Thus, the Order entered on August 6, 1982, in favor of appellee is affirmed.

Affirmed.

7. Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 103, 40 P.S. § 1009.103.