## Ormsby v. Allstate Insurance Co.

*Robert A. Mazzoni,* for plaintiff.
*James Pocius,* for defendant.

WALSH, *J.,* February 21, 1985—This matter is before the court by way of motions for summary judgment filed by both parties.

The action arose out of an automobile accident which occurred on October 15, 1978. Plaintiff's 11 year old daughter, a passenger in the vehicle, was fatally injured. Subsequently, plaintiff, as administrator, requested basic loss benefits in the form of lost wages for and on behalf of his minor daughter's estate from his no-fault insurance carrier, defendant herein. Defendant refused the request and consequently plaintiff has filed this action against defendant, seeking work loss benefits in the amount of $15,000.

Defendant maintains that plaintiff is not entitled to no-fault benefits under the policy in question and alleges in the alternative, that plaintiff's complaint is barred by the statute of limitations.

Plaintiff avers that the action is not barred by the statute on two separate theories:

(1) That the statute was tolled by the filing two class actions in which defendant was involved; and (2) that the applicable statute of limitations is four years rather than two.

The court will first address the issue of whether the statute of limitations was tolled by the filing of two class actions which included defendant, i.e., Nye v. Erie Insurance Exchange 307 Pa. Super 464, 453 A.2d 677 (1983) and Seibel v. Aetna No. 653 S. (1981). These cases involved insurance carriers who refused to pay work loss benefits to the

estate of deceased minor victims. The Nye case was instituted on November 15, 1979, and was dismissed as to defendant in December of 1983. Plaintiff submits that the statute was tolled on November 15, 1979, when the class action was instituted and did not begin to run again until the suit was dismissed in December, 1983.

The applicable rule on class actions is PA. R.C.P. 1701 which provides as follows:

" 'Class action' means any action brought by or against parties as representatives of a class until the court by order refuses to certify it as such or revokes a prior certification under these rules."

According to the explanatory note to this rule, the members of the class are parties to the action and the class remains in the action until properly excluded. This implements the United States Supreme Court decision in American Pipe and Construction Company v. State of Utah 414 U.S. 538, 94 S. Ct. 756, 38 L.Ed. 2d 713 (1974) where it was held that the commencement of a class action suspends the applicable statute of limitations during the interim period from commencement of the action until refusal to certify as to all putative members of the class who would have been parties if the action were certified.

In the case at bar, the class action, Nye v. Erie Insurance Exchange (supra) was instituted on November 5, 1979 and dismissed as to Allstate, among others, on December 30, 1983. The court finds that the statute was effectively tolled for plaintiff during the period of November 15, 1979 to December 30, 1983, and consequently holds that plaintiff's complaint was filed within the two year statute of limitations set forth in 40 P.S. §1009, 101 et. seq.

In virtually identical case, Deis v. National Mutual Insurance Co. 74 Luzerne Leg. Reg. 47 (1984);

the court found that the statute of limitations applicable to decedent's work loss claim was tolled by the filing of a class action, which coincidentally was the above-mentioned Nye case. The court based its findings on Pa. R.C.P. 1701 (a) and on the American Pipe case (supra). The court also remarked that if the class action had not been dismissed a separate action on plaintiff's individual behalf would not be necessary or justified, but with the dismissal of the class action, plaintiff should be allowed a separate suit to have his rights adjudicated.

Additionally, the court would also note that the purpose of the No-fault Act, as stated in its preamble, is: "the maximum feasible restoration of all individuals injured and compensation of the economic losses of the survivors of all individuals killed in motor vehicle accidents on Commonwealth highways." 40 P.S. §1009.102. Consequently, the courts have applied liberal rules of construction in interpreting the act and have found coverage for the insured in uncertain cases, seeking to protect the public interest over the private where ambiguity exists. See, e.g., Allstate v. Heffner 491 Pa. 447, 421 A.2d 629 (1980), and Freeze v. Donegal Mut. Ins. Co., 504 Pa. 218, 470 A.2d 958 (1983).

Having determined that the filing of the Nye class action effectively tolled the statute of limitations, the court needed not address plaintiff's second contention that the applicable statute was extended to four years.

The next issue before the court is whether plaintiff is entitled to work loss benefits. The court answers this inquiry in the affirmative.

A party may effectively seek to collect decedent's work loss benefits in his representative capacity as administrator of decedent's estate. Dependency need not be demonstrated to recover work loss un-

der the act since recovery of this type is not measured by the loss of the survivors States v. Insurance Co. of North America 327 Pa. Super. 28, 474 A.2d 1156 (1984). The fact that decedent was 11 years old and had not yet entered the labor market prior to her death does not affect the fact that her estate is entitled to benefits. In Freeze v. Donegal Mut. Ins. Co. 504 Pa. 218, 470 A.2d 958 (1983), the Supreme Court of Pennsylvania held that the estate of a deceased 11 year old minor who died as a result of a motor vehicle accident was entitled to work loss benefits under the act.

The final issue presented is whether plaintiff is entitled to summary judgment in the amount of $15,000 plus interest. Implicit in this is the question of whether plaintiff is automatically entitled to the maximum benefit of $15,000 or whether proof must be submitted as to when the actual loss would have accrued.

The court finds that plaintiff is entitled to the maximum recovery of $15,000 pursuant to Freeze v. Donegal Mutual Insurance Co., supra where the Supreme Court upheld a Superior Court finding that the estate of a deceased victim is entitled to the $15,000 in anticiapted lost income, without having to establish dependency. See also, Kenny v. Nationwide Mutual Ins. Co. 326 Pa. Super. 125, 473 A.2d 641 (1984).

Since there are no material issues of fact for the court's determination, plaintiff is entitled to summary judgment as a matter of law pursuant to Pa. R.C.P. 1035.

## ORDER

Now, this February 21, 1985, defendant's motion for summary judgment is hereby dismissed and plaintiff's motion for summary judgment is granted.

Plaintiff is awarded judgment in the amount of $15,000, plus interest thereon at the applicable rate.