508 A.2d 594

**Arzula S. HIMMELRIGHT, Appellant,**

**v.**

**UNITED STATES FIDELITY & GUARANTY COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 16, 1985.

Filed April 28, 1986.

Constance P. Brunt, Harrisburg, for appellant.

Craig A. Stone, Harrisburg, for appellee.

Before WIEAND, OLSZEWSKI and WATKINS, JJ.

WIEAND, Judge:

The sole issue in this appeal is whether the action brought by the appellant, Arzula S. Himmelright, to recover post-mortem work loss benefits on behalf of her deceased husband pursuant to Pennsylvania's No-fault Motor Vehicle Insurance Act[1] was barred by the statute of limitations contained in the No-fault Act. The trial court determined that Himmelright's claim was time barred and entered summary judgment in favor of appellee, United States Fidelity & Guaranty Company (USF & G). We affirm.

The decedent, David H. Himmelright, was killed in an automobile accident on August 15, 1976. He had purchased no-fault insurance coverage from USF & G, which had issued a policy pursuant to the Act. His widow made a claim for survivor's loss and funeral expenses, and these were paid by USF & G. However, the insurer denied liability when the widow made a subsequent demand for work loss benefits. The present action for work loss benefits was commenced on April 23, 1984 by filing a praecipe for writ of summons. This was followed by the filing of a complaint on June 8, 1984. USF & G then moved for summary judgment on the ground that Himmelright's action was barred by the four year statute of limitations contained in the No-fault Act. After argument, the trial court granted the motion. This appeal followed.

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq., *repealed by* Act of February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984.

"In reviewing summary judgment, the court must accept as true all well-pleaded facts in the non-moving party's pleadings, giving the non-moving party the benefit of all reasonable inferences to be drawn therefrom. To uphold summary judgment, there must be not only an absence of genuine factual issues, but also an entitlement to judgment as a matter of law." *Craddock v. Gross*, 350 Pa.Super. 575, 578, 504 A.2d 1300, 1301 (1986) quoting *Lookenbill v. Garrett*, 340 Pa.Super. 435, 439, 490 A.2d 857, 859 (1985); *Curry v. Estate of Thompson*, 332 Pa.Super. 364, 368, 481 A.2d 658, 659 (1984); *Rybas v. Wapner*, 311 Pa.Super. 50, 54, 457 A.2d 108, 109 (1983). See: Pa.R.C.P. 1035(b).

An action to recover post-mortem work loss benefits, to be timely, must in any event be commenced within four years after the date of the fatal accident giving rise to the claim. See: 40 P.S. § 1009.106(c)(1). Appellant concedes that nearly eight years elapsed between the date of her husband's death and the commencement of the present action for work loss benefits. She argues that her action was not time-barred, however, because the period of limitations had been tolled by a previously filed class action for work loss benefits. The class action, she contends, included the claim for work loss benefits resulting from her husband's death. That action, *Nye v. Erie Insurance Exchange*, No. 5349–S–1979 (Dauphin Cty.), was instituted on November 15, 1979. It was brought against thirty-one insurance companies, including USF & G, on behalf of "all previously employed Pennsylvania residents who were insured by any of the defendants under No-Fault insurance coverage *and who sustained a fatal injury within the past two years....*" (emphasis added).

In *Miller v. Federal Kemper Insurance Co.*, 352 Pa.Super. 581, 508 A.2d 1222 (1986), we held that the *Nye* action tolled the statute of limitations only for claims made on behalf of members of the class defined therein, i.e., those previously employed insureds who had died in auto accidents after November 15, 1977 (two years prior to the commencement of *Nye* in 1979).

The decedent in the instant case, having been fatally injured on August 15, 1976, does not fall within the class described in *Nye.* The present appellant, therefore, may not benefit from the tolling effect of the *Nye* action. Because the present action was commenced nearly eight years after the accident which caused David Himmelright's death, it is barred by the No-fault Act's statute of limitations. There being no genuine issue of material fact, the trial court properly entered summary judgment in favor of USF & G.

Judgment affirmed.

## JUDGMENT

ON CONSIDERATION WHEREOF, it is now hereby ordered and adjudged by this Court that the Judgment of the Court of Common Pleas of Dauphin County is affirmed.