511 A.2d 1356

David W. KRAFT, Administrator of the Estate of John J. Kraft, Deceased, et al.; and all Others Similarly Situated

v.

ALLSTATE INSURANCE COMPANY. (Two Cases)

Appeal of David W. KRAFT, Administrator of the Estate of John J. Kraft; Eileen C. Venegas, Administratrix of the Estate of Julio C. Venegas, Deceased; and Dennis R. Shoemaker, Sr. and Donna Lee Shoemaker, Administrators of the Estate of Dennis R. Shoemaker, Jr.

Appeal of Clyde J. BELL, Administrator of the Estate of Alice Lorraine Bell, Deceased; and Barbara Bergbauer Shields, Administratrix of the Estate of Michael Bergbauer, Deceased.

Superior Court of Pennsylvania.

Argued April 21, 1986.

Filed June 19, 1986.

Reargument Denied Aug. 1, 1986.

Richard C. Angino, Harrisburg, for appellants.

William T. Barker, Harrisburg, for appellee.

Before WICKERSHAM, BROSKY and WATKINS, JJ.

WICKERSHAM, Judge:

These appeals stem from a class action brought under the Pennsylvania No-fault Motor Vehicle Insurance Act (No-fault Act), 40 P.S. §§ 1009.101–1009.701, (West Supp. 1984–1985), *repealed by* Act of February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984, in which payment of post-mortem work loss benefits was sought. In the court below, the Honorable Warren G. Morgan issued the following Order on May 20, 1985 in response to defendant's motion for summary judgment, and petitions to intervene (plaintiff's motion for certification was granted and two subclasses were defined).

## ORDER

AND NOW May 20, 1985, defendant's motion for summary judgment with respect to the claims of representative plaintiffs Kraft, Venegas, and Shoemaker are granted.

The petitions to intervene are denied.

Plaintiffs' motion for certification is granted, with two subclasses to be defined as follows:

(1) The first subclass shall consist of the estates of all decedents insured under policies of no-fault insurance issued by Allstate Insurance Company whose deaths occurred as the result of the maintenance and use of a motor vehicle within Pennsylvania during the period from August 21, 1980 to final disposition of this action. The subclass shall also include the estates of such decedents who were residents of Pennsylvania and who died as the result of the maintenance and use of a motor vehicle outside of Pennsylvania during that period.

(2) The second sub-class shall consist of the estates of all decedents insured under policies of no-fault insurance issued by Allstate Insurance Company whose deaths occurred as the result of the maintenance and use of a motor vehicle during the period from June 23, 1978, to August 20, 1980. The sub-class shall also include the estates of such decedents who were residents of Pennsylvania and who died as the result of the maintenance and use of a motor vehicle outside of Pennsylvania during that period.

The subclasses shall further be limited to those estates which have not yet been paid wage loss benefits. The subclasses shall further be limited to those estates whose decedents did not recover work loss benefits to the amount of $15,000.00 prior to their deaths.

Defendant is directed to search its files and provide to plaintiffs a list of all members of the two subclasses. Such provision must be made within 30 days of today's date.

Furthermore, the parties shall make best efforts to agree on a form of notice to class members and a plan for distributing such notices. The agreement shall be submitted to the court for approval within 30 days from today's date.

If the parties are unable to agree, each side shall submit proposed forms and plans to the court, along with an explanation as to why they were unable to agree. The court will then determine the form and manner of notice.

All members of the class as certified shall be included in the class unless a written election to be excluded is filed as of record within thirty (30) days of the date of notification.

On May 31, 1985 Judge Morgan issued a modified supplemental Order as follows:

## ORDER

AND NOW, this 31st day of May, 1985, upon consideration of plaintiffs' Petition to Sever and Enter a Modified

Supplemental Order, the following Supplemental Order is hereby entered:

1. The claim of Blyde (sic) J. Bell, Administrator of the Estate of Alice Lorraine Bell, Deceased, is dismissed.

2. The claim of Barbara Bergbauer Shields, Administratrix of the Estate of Michael Bergbauer, Deceased, is dismissed.

3. The claims of the estates of decedents who died as a result of motor vehicle accidents between July 19, 1975 and June 22, 1978, who were covered by no-fault automobile insurance policies issued by Allstate Insurance Company are dismissed.

These appeals bring three issues for our consideration:

A. Was the statute of limitations tolled for decedents whose deaths occurred prior to June 23, 1978, by § 106(a)(5) of the No-fault Act, 40 P.S. § 1009.101, *et seq.*, and by the various *other* class actions that were brought on behalf of those decedents in 1979 and 1981 seeking identical relief against the same defendant?

B. Did the Trial Court err in refusing to certify a class of plaintiffs' decedents' estates where death occurred prior to June 23, 1978?

C. Did the Trial Court err in dismissing the claims of four of the representative plaintiffs, Kraft, Venegas, Shoemaker, and Bell, as well as dismissing the claim of the Petitioner to Intervene, Shields, where fatal accidents occurred prior to June 23, 1978?

Brief for Appellants at 5.

Post-mortem work loss benefits, like ordinary work loss benefits and medical benefits are "benefits ... for loss arising otherwise than from death" governed by the statute of limitations provided by Section 106(c)(1) of the No-fault Act. *Sachritz v. Pennsylvania National Mutual Casualty Insurance Co.*, 500 Pa. 167, 170, 455 A.2d 101, 103 (1982). Section 106(c)(1) provides, in part, as follows:

If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced no later than two years after the victim suffers the loss ... or not later than four years after the accident, whichever is earlier.

The Pennsylvania Supreme Court has construed this statute to mean that:

where no-fault benefits arising otherwise than from death have not been paid, an action for recovery of work loss benefits, for the benefit of a victim who was not self-employed, must be commenced within two years of each occurrence of work loss, and not later than two years after the victim's accrued economic detriment from work loss reaches the statutory maximum amount recoverable, $15,000, and, in any case, not later than four years after the accident.

*Guiton v. Pennsylvania National Mutual Casualty Insurance Co.*, 503 Pa. 547, 550–51, 469 A.2d 1388, 1389 (1983) (citation omitted), restating the holding in *Kamperis v. Nationwide Insurance Co.*, 503 Pa. 536, 469 A.2d 1382 (1983).

The background of this specific case is presented through Brief for Appellants at 8–13 (emphasis omitted) as follows:

Lawsuits to establish entitlement to no-fault decedent work loss benefits were started by potential claimants as early as 1976 and 1977. One of the first such lawsuits was brought against the instant defendant, Allstate Insurance Company. *Heffner v. Allstate Ins. Co.*, No. 3406 Nov. Term 1976 (C.P.Phila.), 265 Pa.Super. 181, 401 A.2d 1160 (1979), *aff'd*, 491 Pa. 447, 421 A.2d 629 (1980); *Pontius v. United States Fidelity & Guaranty Insurance Company*, No. 2702 S 1977 (C.P.Dauph.), *aff'd*, 491 Pa. 447, 421 A.2d 629 (1980); *Reynolds v. Nationwide Mut. Ins. Co.*, No. 1096 S 1977 (C.P.Dauph.), 303 Pa.Super. 31, 449 A.2d 62 (1982), 504 Pa. 232, 470 A.2d 966 (1983).

\* \* \* \* \* \*

Anticipating the statute of limitations defense, plaintiffs' counsel commenced, on November 15, 1979, a class action suit on behalf of potential claimants against the thirty-one carriers which wrote the bulk of auto insurance in Pennsylvania. *Nye v. Erie Ins. Exchange*, No. 5349 S 1979 (C.P.Dauph.). On *February 4, 1981*, preliminary objections based upon the lack of standing were sustained by the lower Court. On *December 10, 1982*, your Court reversed, and on *December 30, 1983*, the Supreme Court reversed your Court. *Nye v. Erie Ins. Exchange*, 504 Pa. 3, 470 A.2d 98 (1983).

A second class action, a combination assumpsit, trespass, anti-trust action, was brought on February 24, 1981. *Seibel v. Aetna Casualty and Surety Co.*, No. 653 S 1981 (C.P.Dauph.). That class action was dismissed on defendants' preliminary objections more than three years after it was instituted. Your Court affirmed the lower Court dismissal, No. 242 Hbg. 1984. An allowance of appeal has been sought from the Supreme Court. Additionally, numerous separate class actions with representative plaintiffs who clearly had standing were filed. One such suit was *Seibel v. Allstate Insurance Co.*, No. 2183 S 1982 (C.P.Dauph), *aff'd*, No. 474 Hbg. 1984, commenced by the filing of a class action Complaint on June 22, 1982, a precursor suit directly against Allstate.

\* \* \* \* \* \*

The instant action was commenced by the filing of a class action Complaint on August 20, 1984. David W. Kraft, Administrator of the Estate of John J. Kraft, Deceased ... and all others similarly situated, sought to recover from defendant no-fault work loss benefits pursuant to the No-Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.101, *et seq.* On September 26, 1984, defendant filed an Answer to the Complaint.

\* \* \* \* \* \*

On October 26, 1984, defendant filed Motions for Summary Judgment against representative plaintiffs Kraft and Venegas. On November 5, 1984, defendant filed a

Motion for Summary Judgment against representative plaintiff Shoemaker. All three Motions for Summary Judgment allege the bar of the statute of limitations. On November 15, 1984, plaintiffs filed responses to defendant's Motions for Summary Judgment alleging that previously filed class actions against defendant seeking to recover the same no-fault decedent work loss benefits had tolled the statute of limitations on the representative plaintiffs' claims. *Nye v. Erie Insurance Exchange,* 504 Pa. 3, 470 A.2d 98 (1983); *Seibel v. Aetna Cas. & Sur. Co.,* No. 653 S 1981 (C.P.Dauph.); *Seibel v. Allstate,* No. 2183 S 1982 (C.P.Dauph.).

Additionally, on January 11, 1985, a Petition to Intervene was filed by Barbara Bergbauer Shields, Executrix of the Estate of Michael Bergbauer, Jr., Deceased. On February 5, 1985, defendant filed objections to the Shields Petition to Intervene.

Affidavits were filed in this action by Barbara Bergbauer Shields in support of her Petition to Intervene and by Clyde J. Bell, David W. Kraft, Eileen Venegas, and Dennis and Donna Lee Shoemaker in opposition to defendants' Motion for Summary Judgment and in support of Plaintiffs' Motion for Class Certification.

After hearing on Plaintiffs' Motion for Class Certification, Defendants' Motions for Partial Summary Judgment and the Shields Petition to Intervene, on May 20, 1985, the Trial Court issued an Opinion and Order ...

Plaintiffs' Motion for Class Certification was granted as to two sub-classes of plaintiffs. The first sub-class consists of the estates of decedents insured under policies of no-fault insurance issued by Allstate Insurance Company, whose deaths occurred from August 21, 1980, to final disposition of this action. The second sub-class consists of the estates of all decedents insured under policies of no-fault insurance issued by Allstate Insurance Company whose deaths occurred from June 23, 1978, to August 20, 1980. The first certified sub-class represents decedents whose deaths occurred in the four years prior to the filing

of the instant class action. The second sub-class represents decedents whose deaths occurred from four year *prior* to the filing of *Seibel v. Allstate, supra,* until four years prior to the filing of the instant action. The Court granted Defendant's Motions for Summary Judgment with regard to representative plaintiffs Kraft, Venegas, and Shoemaker, reasoning that since their decedents died before the time periods of the certified classes, their actions were time-barred. Additionally, the trial Court dismissed the claim of Clyde J. Bell *sua sponte* because his decedent died prior to June 23, 1978.

Because of certain unclear portions of the Court's Order of May 20, 1985, plaintiffs filed a Petition to Sever the Dismissed Claims and requested that the Court enter a Modified Supplemental Order. That Order was entered by the Court on May 31, 1985. It clearly dismisses the claims of all decedents whose deaths occurred prior to June 23, 1978. Final judgment was entered by the Prothonotary.

Timely appeal was taken to your Court. The first appeal, to No. 393 Hbg. 1985, appeals the Order of the Court entered May 20, 1985. The second appeal to No. 394 Hbg. 1985 is an appeal from the Supplemental Order of the Court entered May 31, 1985. By Stipulation of the parties, these two appeals have been consolidated for briefing and arguing.

The issue presented to your Court is one of fairness: whether or not the pre-1978 decedents' estates should recover the same benefits as the post-1978 estates on the basis of tolling by legislative intent, 40 P.S. § 1009.-106(a)(5), or by the previously filed class actions.

In his opinion of May 20, 1985 Judge Morgan reasoned that:

In the present case defendant has moved for summary judgment with respect to the claim of David W. Kraft, administrator of the estate of John J. Kraft, his eight-year-old son. John died as the result of a motor vehicle accident that occurred on May 25, 1978. Defendant has

moved for summary judgment arguing that § 1009.-106(c)'s 4-year ultimate statute of limitations bars the Kraft claim. That provision states:

If no-fault benefits have not been paid for loss arising other than from death, an action therefor may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, *or not later than four years after the accident,* whichever is earlier.

We agree with defendant that the Kraft claim is barred by this provision.

Plaintiffs, however, argue that the statute of limitations was tolled by the filing of *Seibel v. Allstate Insurance Co.,* 2183 S. 1982 (Dauphin County, Pa. filed June 22, 1982); *Seibel v. Aetna Casualty & Surety Co.,* 653 S. 1981 (Dauphin County, Filed Feb. 24, 1981); and *Nye v. Erie Insurance Exchange,* 5349 S. 1979 (Dauphin County, Pa. filed Nov. 15, 1979). *Seibel v. Allstate,* however, was not filed within four years of the Kraft accident and thus could not toll that claim. *Seibel v. Aetna* did not seek the relief sought here but was instead an antitrust claim; it therefore could not toll the statute as to Kraft's post-mortem work loss claim.

Finally, we have already held that *Nye* (in which an Erie insured sued Erie and thirty other insurance companies) did not toll the statute of limitations for insureds of companies other than Erie, for Nye had no standing with respect to them. See *Kruth v. Liberty Mutual Insurance Co.,* 3004 S. 1983 (Dauphin County, Pa.) (slip op. dated Aug. 3, 1984) in which we cited *American Pipe & Construction Co. v. Utah,* 414 U.S. 538 [94 S.Ct. 756, 38 L.Ed.2d 713] (1974), and stated:

There is a fundamental distinction between actions that are not maintainable because of "considerations that may vary with such subtle factors as experience with prior similar litigation or the current status of a court's docket," *American Pipe, supra* [414 U.S.] at 553 [94

S.Ct. at 766], (footnote omitted) and those that are not maintainable because of a plaintiff's lack of capacity to maintain the suit in the first place. Indeed, the United States Supreme Court in *American Pipe* felt it important to note that maintenance of that class action "was denied *not for ... lack of standing of the representative...*, *Id.* at 553 [94 S.Ct. at 766] (quoting lower court opinion) (emphasis added), but rather solely because of failure to satisfy the numerosity requirement under the federal class action rules.

We understand the principles behind a statute of limitations and agree that here the harm feared (i.e., stale claims and notice to the defendant) is less because the defendant has been put on notice through initiation of the lawsuit. However, it is equally important to a defendant to be able to properly defend against any such lawsuit and failure to have a proper plaintiff with concrete injury diminishes greatly his ability to prepare such a defense.

We also fear that a disregard of the basic principles of standing would encourage parties and their counsel to sue any and all persons, without regard for injury, in an attempt to buy time to secure and intervene proper party plaintiffs with true standing. Accordingly, we find that the initiation of suit[ ] in *Nye* did not serve to toll the statute of limitations for the present plaintiff Kruth, and as the suit was filed five and one half years after her death it is barred by Section 1009.106(c)(1)'s four-year "ultimate limitation," *Myers v. USAA Casualty Insurance Co.*, 298 Pa.Super. 366, 373, 444 A.2d 1217.

*Id.* at 12–13.

We will therefore grant defendant's motion here.

Defendant has also moved for summary judgment with respect to the claim of Eileen C. Venegas, administratrix of the estate of Dr. Julio C. Venegas. Dr. Venegas was killed in a motor vehicle accident that occurred on May 18, 1976. We find that this claim is also barred under

§ 1009.106(c)'s 4-year provision and we therefore grant defendant's motion.

The defendant's final summary judgment motion is to the claim of Dennis R. Shoemaker, Sr., and Donna Lee Shoemaker, Administrators of the estate of Dennis R. Shoemaker, Jr. Young Dennis, six weeks old, died on March 4, 1976, as a result of injuries sustained in an automobile accident that had occurred the previous day. This claim, like the prior two, is barred by § 1009.106(c)'s 4-year statute of limitations. We therefore grant defendant's motion for summary judgment.

Lower ct. op. at 2–5.

Quite recently in *Miller v. Federal Kemper Insurance Co.*, 352 Pa.Super. 581, 508 A.2d 1222 (1986) a panel of our court considered the nearly identical question.

Leonard C. Miller and Beverly R. Miller, the administrators of the estate of Diane K. Miller, deceased, commenced a class action to recover post-mortem work loss benefits under the No-fault Act on behalf of their decedent and all others similarly situated. They appealed from an order of the Court of Common Pleas of Dauphin County which denied class certification and granted a motion by the appellee, Federal Kemper Insurance Company (Kemper), for summary judgment. The Millers also challenged that portion of the same order which denied the petitions of Regina Kotchin and Drexel R. Bradley to intervene as representatives of the class.

On April 29, 1978, Diane Miller sustained fatal injuries as a result of an automobile accident. She was covered by a policy of no-fault insurance which had been issued by Kemper. Kemper refused to pay work loss benefits to Diane Miller's estate. On June 22, 1982, the Millers commenced a class action on behalf of their deceased daughter and "all insureds of [Kemper] who were covered by the Pennsylvania No-Fault Act with respect to their fatal injuries ... since the time of the passage of the No-Fault Act." The Millers subsequently moved, inter alia, for class certification and for partial summary judgment on their individual

claim. The trial court, after hearing, denied both motions. Later, however, the court granted a petition by the Millers for reconsideration of class certification. In the meantime, the petitions of Kotchin and Bradley to intervene in the class action had been filed. Kemper subsequently filed its own motion for summary judgment on the ground that the Millers' claim was barred by the statute of limitations contained in the No-fault Act. After a second hearing, the trial court denied the Millers' petition for class certification as well as the petitions for intervention. The court also granted Kemper's motion for summary judgment, thereby disallowing the Millers' claim. An appeal by the Millers followed.

In *Miller,* Judge Wieand wrote:

[U]nder this statutory provision, the greatest period within which to file an action for post-mortem work loss benefits is four years from the date of the fatal accident. Here, the accident which caused Diane Miller's death occurred on April 29, 1978. The complaint in the instant class action was not filed until June 22, 1982, more than four years following the accident. Thus, unless the limitations period was tolled in the interim, the Millers' class action suit is time barred.

\* \* \* \* \* \*

[T]hus, the question presented here is ... whether the commencement of a class action by a representative plaintiff who lacks standing to sue a named defendant tolls the statute of limitations for a purported class member who subsequently brings an action against that defendant.

Kemper argues that because the class representative in *Nye* lacked standing, *Nye* was a nullity and ineffective to toll the period of limitations for the Millers' claim. We reject this argument. When a class action complaint is filed, the asserted members of the class are considered to be parties to the action until properly excluded. *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 229, 348 A.2d 734, 736 (1975). See: Pa.R.C.P. 1701 Explanatory Note. "In that interim period, unnamed class members

do have certain interests in the lawsuit. They may challenge the adequacy of representation by the plaintiff; in some circumstances, they may have a right to be informed of, or to be included in, a settlement; and, perhaps most importantly, the statute of limitations may be tolled during this period." *In re Fine Paper Litigation State of Washington,* 632 F.2d 1081, 1087 (3d Cir.1980).

> [I]t can hardly be said that a suit commenced by one who lacks standing is in any literal sense a "nonexistent" suit. It may be a defective suit, subject to a motion to dismiss or perhaps even to the court's dismissal *sua sponte,* but it is for all that no less the judicial assertion of a claim, functioning to give a defendant notice of whatever causes of action are asserted therein.

*Rose v. Arkansas Valley Environmental & Utility Authority,* 562 F.Supp. 1180, 1193 (W.D.Mo.1983). Having concluded that the *Nye* action was not a nullity, we nevertheless must determine whether it operated to toll the statute of limitations applicable to the Millers' claim.

$$* \quad * \quad * \quad * \quad * \quad *$$

We conclude that the rationale of the foregoing decisions is in harmony with the principle of *American Pipe.* Therefore, we adopt the same rationale as our own. We conclude that a class action commenced by a representative plaintiff who lacks standing is sufficient to toll the statute of limitations for the purported members of the class who later file their own actions so long as the original action provided the defendant with adequate notice of the substantive nature of their claims and the number and generic identities of the potential plaintiffs who might assert them. In the instant case, the *Nye* action provided Kemper with timely notice of the nature of the Millers' claim, i.e., for post-mortem work loss benefits on behalf of their deceased daughter.

$$* \quad * \quad * \quad * \quad * \quad *$$

The Millers were included in the class defined in the *Nye* action. We hold, therefore, that the commencement

of the *Nye* action tolled the statute of limitations for the estate of Diane Miller. The *Nye* action was also adequate to toll the statute of limitations for class members whose decedents had sustained fatal injuries after November 15, 1977. By virtue of the class defined in *Nye*, Kemper was put on notice of the number and generic identity of those in this purported class who might later bring suit against it. Were we to extend the tolling effect of *Nye* beyond the parameters of the narrow class there defined, however, we would defeat the objective of the legislature that the statutorily imposed period of limitations was designed to achieve, i.e., to protect insurers such as Kemper from the need to defend unforeseeable, stale claims.

The limitations period for the class defined in *Nye* remained tolled from the date of filing the *Nye* complaint on November 15, 1979 until December 30, 1983, when the Supreme Court conclusively determined that *Nye* lacked standing to sue Kemper and twenty-nine other insurance companies named as defendants.

* * * * * *

The Millers commenced their action during the four year period in which the statute of limitations was suspended by the pendency of the *Nye* action. As such, their action was timely. Kemper's motion for summary judgment with respect to the Millers' individual claim should have been denied.

*Id.* 352 Pa.Super. at 587, 594, 596–597, 599, 508 A.2d at 1225, 1228, 1229–30, 1231 (footnote omitted).

■ Instantly, following the *Miller* rationale, we find that the *Nye* action was adequate to toll the statute of limitations for class members whose decedents had sustained fatal injuries after November 15, 1977. By virtue of the class defined in *Nye*, Allstate was put on notice of the number and generic identity of those in this purported class who might later bring suit against it.

■ The limitations period for the class defined in *Nye* remained tolled from the date of filing the *Nye* complaint on

November 15, 1979 until December 30, 1983, when the Supreme Court ultimately determined that *Nye* lacked standing to sue Allstate and twenty-nine other insurance companies named as defendants.

 The Krafts commenced their action during the four year period in which the statute of limitations was suspended by the pendency of the *Nye* action. As such, their action was timely. The *Nye* action was commenced within two years of the date of death of plaintiff Kraft's decedent.

We affirm the grant of summary judgment as to plaintiffs Venegas and Shoemaker, both plaintiffs' decedents having died in 1976. *See Himmelright v. United States Fidelity & Guaranty Co.*, 352 Pa.Super. 517, 508 A.2d 594 (1986) (affirming grant of summary judgment in a nearly identical case). The decedent David H. Himmelright was killed in an automobile accident on August 15, 1976. We said:

> An action to recover post-mortem work loss benefits, to be timely, must in any event be commenced within four years after the date of the fatal accident giving rise to the claim. See: 40 P.S. § 1009.106(c)(1). Appellant concedes that nearly eight years elapsed between the date of her husband's death and the commencement of the present action for work loss benefits. She argues that her action was not time-barred, however, because the period of limitations had been tolled by a previously filed class action for work loss benefits. The class action, she contends, included the claim for work loss benefits resulting from her husband's death. That action, *Nye v. Erie Insurance Exchange*, No. 5349–S–1979 (Dauphin Cty.), was instituted on November 15, 1979. It was brought against thirty-one insurance companies, including USF & G, on behalf of "all previously employed Pennsylvania residents who were insured by any of the defendants under No-Fault insurance coverage *and who sustained a fatal injury within the past two years...."* (emphasis added).

In *Miller v. Federal Kemper Insurance Co.*, 352 Pa. Super. 581, 508 A.2d 1222 [ (1986) ], we held that the *Nye* action tolled the statute of limitations only for claims made on behalf of members of the class defined therein, i.e., those previously employed insureds who had died in auto accidents after November 15, 1977 (two years prior to the commencement of *Nye* in 1979).

The decedent in the instant case, having been fatally injured on August 15, 1976, does not fall within the class described in *Nye*. The present appellant, therefore, may not benefit from the tolling effect of the *Nye* action. Because the present action was commenced nearly eight years after the accident which caused David Himmelright's death, it is barred by the No-fault Act's statute of limitations. There being no genuine issue of material fact, the trial court properly entered summary judgment in favor of USF & G.

*Id.*, 352 Pa.Super. at 519–520, 508 A.2d at 595–96.

As previously pointed out, plaintiff's motion for certification as a class action was granted by the learned Judge Morgan and no appeal was taken by defendant from that order of May 20, 1985.[1] We will remand for an expansion of the sub-class consistent with this opinion. We reverse the trial court's grant of summary judgment as to the plaintiff Kraft's claim.[2]

1. In *Miller* the trial court had denied certification because of the failure of the Millers to establish the adequacy of their representation, and we affirmed that ruling on appeal as not being an abuse of discretion.

 In Pennsylvania, an order permitting a suit to proceed as a class action is a nonappealable interlocutory order, since it still allows the defendant the opportunity to demur to plaintiff's complaint and, if necessary, to defend the merits at trial.

 16 Standard Pennsylvania Practice 2d § 86:20.

 *See Pincus v. Mutual Assurance Co.*, 457 Pa. 94, 321 A.2d 906 (1974); *Piltzer v. Independence Fed. Sav. & Loan Assoc. of Philadelphia*, 456 Pa. 402, 319 A.2d 677 (1974).

2. We do not address the intervention issue. Appellants lack standing to raise this argument. *See Miller v. Federal Kemper, supra*, 352 Pa.Super. at 603, 508 A.2d at 1234 and cases cited therein.

Affirmed as to grant of summary judgment against Venegas and Shoemaker.

Reversed as to grant of summary judgment against plaintiff Kraft.

Remanded for proceedings consistent with this opinion. Jurisdiction relinquished.